PAUL A. MOREY

*v.*

THE WARRIOR MOWER COMPANY.

1. REFEREE—*statute must be pursued.* The proceedings before a referee being statutory, must, in all substantial respects, pursue the statute, or they can not be sustained.

2. SAME—*report must contain the evidence.* The statute authorizes no report by a referee, except one containing the evidence heard, and giving the referee's conclusions thereon, to which the parties are entitled to be heard on exceptions. If the report fails to give the evidence, no judgment can be entered on it.

3. SAME—*appointment must be by the court.* A referee under the statute must be appointed by an order of the court in the cause. No judgment can be rendered on the report of one appointed by the written stipulation of the parties only, though an action at law may lie on such report as a good award · at common law. The referee is an officer of the court and can only be appointed under its order.

4. Where the parties to a suit make an agreement out of court to submit the cause to a third person, and that the court shall enter judgment on the finding of such third person, though not in compliance with the statute in reference to arbitrations, or that concerning the appointment of a referee, the court may, by mutual consent, enter judgment upon the finding, but if it is objected to, the trial must proceed as at common law.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. CHARLES BLANCHARD, and Mr. L. W. BREWER, for the appellant.

Mr. J. W. BROWNE, and Mr. C. H. BRUSH, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was commenced by appellee against appellant before a justice of the peace of La Salle county, where, on trial, judgment was rendered in favor of appellant. Appellee appealed from that judgment to the circuit court of that county,

308          MOREY *v.* WARRIOR MOWER CO.          [Sept. T.

Opinion of the Court.

and, while the cause was there pending, the following stipulation in the cause was reduced to writing and signed by the counsel for the respective parties and filed with the circuit clerk:

"It is hereby stipulated that this cause may be referred, under the statute, to Joseph Hunter, Esq."

The court, thereupon, made an order referring the cause in accordance with this stipulation. Hunter made no report, and, subsequently, the parties made and filed with the circuit clerk another stipulation in writing, as follows, after entitling the cause:

"The above cause is now pending in circuit court for La Salle county, Illinois. It has been referred to L. B. Crooker as arbitrator. It is hereby stipulated by and between the plaintiff and defendant that the arbitrator is to hear the evidence and report his conclusions of law and evidence, and upon his conclusions or his award the circuit court shall enter judgment and issue execution thereon, and no exceptions shall be taken to the award as reported to the circuit court by said arbitrator at next term of said court."

The attention of the court does not appear to have been called to this stipulation, and no order was made, either vacating the order appointing Hunter, or appointing Crooker as referee.

Crooker's sole authority for acting was the stipulation of the parties.

After his appointment, Crooker made the following report to the court:

"THE WARRIOR MOWER COMPANY *v.* P. A. MOREY.

"I, the undersigned, referee according to the terms of the stipulation hereto annexed, do hereby report the following as my conclusions of law and fact, to the said circuit court:

"1st. That I find that there is due to the plaintiff from the defendant the sum of $100.

"2d. That the plaintiff have and recover from the defendant the sum of $100 and his costs herein to be taxed.

"And I further report that by the consent of both parties the testimony herein was not reported in writing.

L. B. CROOKER, *Referee.*

"*December* 26, 1876."

Afterwards, appellee moved the court below to enter judgment upon this report. Appellant appeared and resisted the motion, but the court sustained it and gave judgment as recommended by the report.

It is not material to enter upon the question which has sometimes been mooted, whether a party assenting to the appointment of a referee can be thereby held to have waived his constitutional right of trial by jury so that he can not subsequently, before judgment is rendered, insist upon it, as the judgment must be reversed on another ground.

It is not claimed this judgment can be sustained as being authorized by chap. 10, Revised Statutes 1874, entitled "Arbitration and Award," but it is enacted by chap. 117 of the same statutes, p. 847, "That in all common law causes in courts of record, after issue joined or default entered, it shall be competent for the court, upon agreement of the parties or their counsel, to appoint one or more referees, not exceeding three, who shall have authority to take testimony in such cause, and report the same in writing, together with their conclusions of law and fact, to the court, and the court shall have power to render judgment upon the filing of such report," etc., and it is claimed this authorizes the judgment as rendered.

Apart from this statute, and the statute in relation to "arbitration and awards," there is no pretense of authority for entering judgment, without the consent of either party, upon such a report. Doubtless an action at common law might lie upon this report as a good award, but then the action would be predicated upon it. The proceeding before a referee being statutory, must, in all substantial respects, pursue the statute or it can not be sustained. The statute we have quoted provides for the selection or appointment of no referee except by order of court. It authorizes no report by a referee except

one containing the evidence heard and giving the referee's conclusions thereon, to which the parties are entitled to be heard on exceptions.

It is impossible, therefore, that this reference can be sustained as a compliance with the statute. This is well illustrated by reference to kindred cases where causes pending are submitted to arbitration with an agreement that judgment may be rendered thereon, under the statute. In such cases it is held nothing but a strictly substantial compliance with the statute will authorize the court to enter a judgment upon the award. *Low et al.* v. *Nolte*, 15 Ill. 368; *Weinz.* v. *Dopler*, 17 id. 111. The referee is an officer of the court, and can only be appointed by an order of the court. Hoffman on Referees, p. 2, § 3.

It is true, as counsel for appellee insist, the language of the statute is not imperative that the court shall appoint a referee, but unless the court does appoint him there can be no referee, for no other mode of appointment is provided than that by the court. The court should have first vacated the order appointing Hunter and then have made an order appointing Crooker referee, to have constituted him a referee under the statute.

The case is, in no substantial respect, different from one in which the parties make an agreement out of court to submit a cause to a third party, and that the court shall enter judgment upon his finding. The court may, by mutual consent, enter judgment upon such a finding, but if it is objected to, the trial must proceed as at common law, in which a jury is indispensable, unless waived at the time of trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*