EDGAR L. BUTLER

*v.*

AUSTIN B. CORNELL *et al.*

*Filed at Ottawa November 29, 1893.*

1. EVIDENCE—*to show receipt of money by agent for use of his employer.* In a suit by an employe against his employer, to recover for work and labor, etc., it appeared that the plaintiff acted as agent of the defendant in the buying and selling of stock. The defendant, in support of his plea of set-off, introduced in evidence an exhibit, consisting of nine promissory notes secured by him to third parties, and the evidence tended to show that they all were given for borrowed money, and that all the money so borrowed, with the exception of a portion of that raised on one or two of the notes, was turned over to the plaintiff, to be used by him in buying cattle and stock for the defendant,in and about his business: *Held,* that those notes were competent evidence, when used in connection with the oral evidence relating to them.

2. In the same case, the defendant introduced in evidence certain bank checks, ten of which were signed by the plaintiff as agent of the defendant, and the money was drawn by him from the bank : *Held,* that such checks were material evidence tending to charge the plaintiff with the receipt of the moneys specified in them.

3. In the same case, three bank checks signed by the defendant were introduced in evidence, and the defendant testified that when he drew the cash on them he turned over to the plaintiff the major part thereof : *Held,* that those checks were competent evidence, in the light of the testimony of which they formed a part.

4. And in the same case, the testimony of a witness was to the effect that the plaintiff had exhibited to him an account, purporting to be a statement of the moneys he had paid out for the defendant during the agency, the account being footed up in each column. An exhibit to his testimony were the footings of the several pages of the account, which he had made when the account was shown to him : *Held,* that the account itself would have been admissible as evidence against the plaintiff on the ground that it was an admission, and that the exhibit was competent testimony, as being a sworn copy.

5. WITNESS—*impeachment by contradicting his evidence—whether in a material matter.* The evidence in a case showed that the plaintiff had refused to exhibit or deliver to the defendant the account books and papers which came to his hands and were kept by him as agent for the

latter, and that he afterwards mutilated and destroyed the account books. When on the stand as a witness on his own behalf, the plaintiff testified, in explanation of his conduct, that he had reason to believe, from the advice and opinions of others, that the defendant would take advantage of him if he got the account books and papers away from him. On cross-examination he named three persons who had warned him against the defendant: *Held,* that it was competent for the defendant to call those persons to contradict the plaintiff in this respect.

6. PRACTICE—*right of plaintiff to dismiss suit.* After a plea of set-off is filed, the plaintiff can dismiss his suit only by leave of court, and when no cause is shown therefor, and no abuse of discretion appears, the refusal of the court to allow the plaintiff to dismiss will not constitute error.

7. SAME—*before referees—failure to state reasons for motion.* Where a motion is made before referees to strike from the record and exclude from consideration the testimony of certain witnesses and exhibits, and no reason is suggested, either in the motion, or in the exception filed in the circuit court, or in the brief and argument of the plaintiff in error, why such motion should be allowed, it will not be the duty of this court to find facts to justify it in holding that the motion should have been sustained.

8. SAME—*presumption in favor of finding by referees.* Referees to whom a cause is referred, while performing the functions of a jury, are the judges of the credibility of the witnesses and the weight of evidence, and their findings and conclusions of fact are entitled to the same consideration the verdict of a jury receives.

9. SAME—*waiver of objection in proceeding before referees.* An objection to the report of referees, not made in the circuit court by exceptions, which might have been obviated by amendment, can not be considered by this court for the first time.

10. SAME—*irregularity in referring case to referees.* The reference of a cause to referees before the issues are made up is an irregularity that may be waived by the parties, and a party by failing to object to the same, and who appears before the referees and introduces evidence after issue is joined, will waive the objection, and be estopped from taking advantage of it.

11. An objection that an order of reference fails, in express terms, to require the referees to report the evidence taken before them, comes too late in this court, and will be considered as waived if not made in the trial court. But the statute does not require that the order appointing referees shall also specify their duties or prescribe the manner of their performance.

12. Where a cause referred to referees is continued at the next term of court by the consent of the parties, not for the purpose of taking

further evidence, but to give the parties an opportunity to except to the report, and no objection is made in the trial court, the irregularity, if any, will be waived.

13. APPEALS AND WRITS OF ERROR—*reviewing questions of fact.* A point made in the Appellate Court that many of the items in an account were allowed by the referees, can not be reviewed in this court. Such point requires an examination and weighing of the evidence, and raises mere questions of fact, which this court is prohibited from investigating.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding.

This was a suit in assumpsit, brought February 4, 1881, by Edgar L. Butler against William Randall, in the Circuit Court of Warren county, for work, labor and services, the sum claimed in the declaration being $700. The defendant pleaded non assumpsit and set-off, the set-off claimed consisting mainly of various large sums of money had and received by the plaintiff to the use of the defendant, the aggregate of the account filed with the plea of set-off being something over $50,000. On the 8th day of October, 1881, the cause was referred by agreement of the parties to three referees, and on the 15th day of December, 1881, the plaintiff filed his replication traversing the plea of set-off. Subsequently, the cause was heard by the referees, both parties appearing and offering evidence in support of their respective claims, and upon such hearing, the referees found and reported that the plaintiff was indebted to the defendant in the sum of $6625, and the court, after overruling various exceptions to the report of the referees, confirmed the same, and rendered judgment thereon in favor of the defendant and against the plaintiff for $6625, the amount so found due, and costs. To reverse that judgment, the plaintiff took the record to the Appellate Court for the Second District by writ of error, and that court, on the 7th day

of January, 1888, rendered its decision affirming the judgment, the reasons for its decision being stated in an opinion prepared by Mr. Justice Baker, who was then a member of that court, the opinion being as follows:

BAKER, J.: "Edgar L. Butler, plaintiff in error, brought assumpsit in the Warren Circuit Court, against William Randall, defendant in error, to recover $471.14, claimed to be due for work and labor. Randall interposed the general issue and a plea of set-off, and filed therewith an account against Butler, amounting to $51,917.39. Issues were formed, and the cause, by agreement of parties, referred, under the provisions of the statute, to three referees, to report their conclusions of law and fact. At a subsequent term plaintiff in error sought to dismiss his suit, but the court refused to permit him so to do.

"Afterward the referees made their report to the court, and filed with it the testimony taken and the exhibits and papers introduced in evidence. The conclusions reported by the referees were, that Butler was in the employment of Randall at $50 per month, from November 8, 1878, to February 7, 1880, inclusive; that during that time the money he had received to be paid out and expended for Randall, and his indebtedness to Randall, together, amounted to $38,176.05; that during that time he laid out and expended for Randall, and earned as wages, $31,550.95, and that there was due from him to Randall $6625.10. Exceptions to the report were overruled by the court, and judgment rendered against Butler upon the award of the referees for $6625.10 damages and for costs.

"The first error assigned upon the record is, that the court erred in not permitting the plaintiff to dismiss his suit on his motion. The plea of set-off was filed long before the motion to dismiss was made, and it does not appear there was any cause shown for allowing a dismissal, or that there was any abuse of the discretionary power of the court. (Sec. 30 of Practice act of 1872; *United States Savings Institution* v.

*Brockschmidt,* 72 Ill. 370; *City of East St. Louis* v. *Thomas,* 102 id. 453; 9 Ill. App. 412.) This assignment of error is not well made.

"The second assignment of error is, that the Court erred in overruling the exceptions on the part of plaintiff to the amended report of the referees. The exceptions were five in number, and the substance of them may be briefly stated and considered *seriatim.*

"The first exception questions the propriety of the action of the referees in overruling plaintiff's motion of April 13, 1883. That motion was to strike from the record, and from all consideration as evidence, the testimony of J. C. Johnson, W. T. Smith and S. C. Irvine; also 'Exhibit A' to the testimony of defendant Randall, and all evidence in regard to the nine notes shown in said exhibit; also 'Exhibit E' to same testimony; also 'Exhibit A' to the testimony of William L. Snapp; also the testimony for defendant taken June 27, 1882; also the testimony for defendant taken August 18, 1882, and the exhibit attached thereto; also the testimony for defendant taken September 1, 1882, and the 'statement' attached thereto; and also the evidence of James Tucker, George W. Stice and Thomas Hamilton.

"No reason is suggested, either in the motion submitted to the referees, in the exception filed in the Circuit Court, or in the brief and argument of plaintiff in error, why the testimony of Johnson, Smith and Irvine should have been stricken out, and we do not understand it to be any part of our duty to hunt for ground to justify us in holding it should have been done.— 'Exhibit A' to the testimony of defendant consisted of nine promissory notes secured by defendant to third parties, and the evidence tended to show they were all given for borrowed money, and that all the money so borrowed, with the exception of a portion of that raised on one or two of the notes, was turned over to plaintiff to be used in buying cattle and live stock for defendant, and in and about his business. These

notes were competent testimony, when considered in connection with the oral evidence relating to them.— 'Exhibit E' consisted of thirteen checks on the bank in which defendant kept his deposits. Ten of these were signed by plaintiff himself, in his capacity as agent of defendant, and the money was drawn by him on them from the bank, and it is not seriously urged they were not material testimony tending to charge him with the receipt of the moneys specified in them. The other three checks were signed by defendant, but he testified that when he drew the cash on the check for $2937.88, he handed over $2900 of it to Butler, and also turned over to him $350 of the $353.64 check, and $500 of the $501.08 check, to be used in and about the business of the agency. The checks were competent in the light of the testimony of which they formed a part.—The evidence of William L. Snapp was to the effect that plaintiff had exhibited to him an account consisting of seventeen pages, and purporting to be a statement of the moneys he had paid out for defendant during the agency, the several pages of the account being footed up, and that he had taken a copy of these footings. 'Exhibit A' to his testimony was this copy of the footings which he had made when the account was shown to him. The account itself would have been admissible as evidence against plaintiff on the ground that it was an admission, and the exhibit was competent testimony, as being a sworn copy.—No objection is anywhere pointed out to the testimony, or any of it, taken on June 27, 1882, and we must assume the ruling it should not be stricken out was correct.—The admission in evidence of the F. M. Simmons notes, dated, respectively, October 18, 1879, and January 1, 1880, and the testimony in respect thereto taken August 18, 1882, worked no injury to plaintiff, as it clearly appears from 'Exhibit A' to the report of the referees that they did not charge him with the proceeds of either of said notes, or any part thereof. Besides this, the testimony of defendant tended to prove plaintiff got a portion of the money

borrowed on these notes, but was evidently regarded by the referees insufficient to establish that such was the fact.—In the light of the surrounding circumstances we are not prepared to hold the testimony taken September 1, 1882, and the accompanying 'statement,' were not admissible, as tending to show a circumstance corroborative of the claim of defendant, and had plaintiff so desired he could have cross-examined defendant upon the 'statement.'—We do not regard the testimony of Tucker, Stice and Hamilton as incompetent, on the ground that they contradicted plaintiff on an immaterial matter called out on cross-examination. The evidence showed that plaintiff had refused to exhibit or deliver to defendant the account books and papers which came to his hands and were kept by him as agent for the latter, and that he afterwards mutilated and destroyed the account books. When upon the witness stand in his own behalf he testified, in explanation of his conduct, that he had reason to believe, and did believe, from the advice and opinions of others, that Dr. Randall would take advantage of him if he got the account books and papers away from him. On cross-examination he named Tucker, Stice and Hamilton as parties who had warned him against Randall, and they were called to contradict him in this respect.—Our conclusion is, there was no manifest error in refusing to sustain the first exception to the report.

"The second and third exceptions to the report of the referees challenge the finding that Butler had received or was accountable for $38,176.05. The second exception is general in its terms. The third specifies, by reference to a tabulated statement, amounts objected to that aggregate $11,382.32. We have examined the testimony reported by the referees, and find there is evidence to support each and all of the items of charge thus specified. True, the evidence is conflicting in regard to them; but the referees, while performing the functions of a jury, are the judges of the credibility of the witnesses and the weight of evidence, and their findings and conclusions

of fact are entitled to the same consideration the verdict of a jury receives. We are unable to say the testimony does not sufficiently support the finding in question. It is further objected that the last four items in the tabulated statement, amounting in the aggregate to $37.80, are not in the account that was filed with the plea of set-off. If this be so, then plaintiff should have raised this objection in the circuit court, and specified it in the exceptions. Had this been done, defendant could readily have obtained leave to amend his account. An objection on the ground stated can not be heard in this court for the first time. *St. Louis Nat. Stock Yards* v. *Himrod*, 88 Ill. 410.

"The fourth exception to the report was to the finding that the total amount paid out by Butler for Randall, and the amount due the former for wages, aggregated $31,550.95. But it is not claimed by plaintiff in error, in his brief and argument, that the referees came to an incorrect conclusion in this regard, so we are saved the labor of an examination with reference thereto.

"The fifth and last exception calls in question the finding that $6625.10 was due from Butler to Randall. No special point arises under this exception, as the conclusion announced by the finding follows from the findings already considered, by the simple process of subtraction.

"A few other objections to the report of the referees are urged in the brief, and these we have not noticed, and for the reason that, under the doctrine announced in *St. Louis Nat. Stock Yards* v. *Himrod & Co. supra*, we are precluded from considering any objections to the report of the referees that were not made in the circuit court.

"We find no sufficient cause for reversing the judgment, and it must be affirmed."

Since the entry of the judgment of affirmance by the Appellate Court, Randall, the defendant, has died, and the plaintiff, to reverse the judgment of affirmance, has now sued out of

this court a writ of error, making the administrator and other legal representatives of Randall defendants to his writ.

Messrs. KIRKPATRICK & ALEXANDER, for the plaintiff in error.

Messrs. GRIER & STEWART, for the defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

Having carefully considered the record in this case, in the light of the briefs and arguments presented by counsel in this court, we are disposed to concur in and adopt the opinion of the Appellate Court, a copy of which appears in the foregoing statement. The points covered by that opinion will therefore need no further discussion.

The point made in the Appellate Court that many of the items of the defendant's account allowed by the referees were improperly allowed, is renewed here, and it need only be noticed, in addition to what was said by that court, that this contention calls for an examination and weighing of the evidence, and raises mere questions of fact, which we are prohibited by the statute from investigating. As to all matters of that character, the judgment of the Appellate Court is conclusive, so as not to be subject to review in this court.

The other propositions presented by the arguments of counsel here do not seem to have been raised either in the Appellate Court or in the trial court, and we are of the opinion that they can not be raised in this court for the first time.

The first is, that at the time the order for the appointment of the referees was entered, the issues in the case had not been joined, and it is claimed that the order of reference was therefore wholly without jurisdiction and void. Section 1, of chapter 117, of the Revised Statutes, under which the order was made, is as follows:

"That in all common law causes in courts of record, after issue joined, it shall be competent for the court, upon agree-

ment of the parties or their counsel, to appoint one or more referees, not exceeding three, who shall have authority to take testimony in such cause, and report the same in writing, with their conclusions of law and fact, to the court, and the court shall have power to render judgment upon the filing of such report: Provided, either party may except to such report, and the court may, if necessary to take further evidence, refer the cause back to the referees, with instructions. Notice of the time of hearing such exceptions and the taking of such evidence, shall be given, under such rules as the court may prescribe."

The order of reference was entered by the agreement of the parties, and it is true that at that time, no replication to the defendant's plea of set-off had been filed, but shortly after the order was entered, the plaintiff filed, for his replication, a general traverse of the plea, concluding to the country, and thereby the issues were duly joined. After this was done, both parties appeared before the referees, by their counsel, introduced evidence, and contested the matters in controversy upon their merits, and after the referees had filed their report, the plaintiff's counsel submitted numerous exceptions thereto, but in none of them, and at no time while the cause was pending in the Circuit Court, was any objection made to the proceedings by the plaintiff, on the ground that the issues had not been joined at the time the order of reference was made, nor does that point seem to have been even suggested, either in the Circuit Court or in the Appellate Court.

We held in *Morey* v. *Warrior Mower Co.* 90 Ill. 307, that proceedings before referees, being statutory, must in all substantial respects, pursue the statute, or they can not be sustained, and we still adhere to that view. And it may be that, if the plaintiff had raised the objection which he now makes at the proper time in the Circuit Court, it would have been the duty of the court to hold, that the order of reference had been improvidently entered, and to set it aside. But we think

it was an irregularity which it was in the power of the plaintiff to waive, and that by failing to make the objection until the case has reached this court, he must be deemed to have waived it, or to have estopped himself from taking advantage of it.

Again, it is insisted that the order ,of reference did not, in its provisions, conform to the statute. By the terms of the order, the cause was referred to three persons named, as referees, "to report their conclusions of law and fact herein." The objection is, that it did not, in express terms, require them to report the evidence heard by them to the court in writing. This objection, like the foregoing, is heard for the first time in this court, and for that reason it should be disposed of in the same way.

Furthermore, we are inclined to the opinion that it was not essential to the validity of the order of reference, that it should, in express terms, require the referees to report the evidence in writing. The statute, after authorizing the appointment of referees, prescribes that as one of their duties, and that duty would be in no degree more obligatory from being repeated in the order of reference. It is imposed by the statute itself, and there is nothing in the language of the statute which would seem to require that the order appointing the referees should also specify their duties, or prescribe the manner of their performance.

Again, it is objected that, while the order of reference required the referees to report at the next term of the court, their report was not in fact filed until a subsequent term, the cause being continued at the next term, and an order being entered giving the referees further time to report. Also, that after the report was filed, the cause was referred back to the referees, not to take further testimony, but to give the parties an opportunity to except to the report. Whether these proceedings were irregular or not we are not called upon now to determine. These orders were all entered apparently with the

consent of the parties, or at least they were neither objected nor excepted to, and their propriety is now questioned here for the first time. This we think can not be done.

We find no error in the record which is now open for review, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*

BAKER, C. J., having heard this case in the Appellate Court took no part in its decision here.