THE CHICAGO CITY RAILWAY COMPANY

*v.*

WILLIAM C. ALLEN.

*Opinion filed November 1, 1897.*

1. INSTRUCTIONS—*instructions may assume uncontroverted facts.* An
instruction may assume the existence of any fact in evidence which
is not controverted.

2. SAME—*one assuming facts in an instruction cannot complain of his
opponent's doing the same.* One assuming the existence of facts in
his instructions cannot complain that his opponent's instructions
assume the existence of the same facts.

3. EVIDENCE—*entire testimony not to be rejected if witness exaggerates
any fact.* The entire testimony of a witness is not to be rejected by
the jury, in its discretion, because he has knowingly and willfully
exaggerated *any* fact or circumstance, but only when he has know-
ingly and willfully sworn falsely to a material fact.

*Chicago City Railway Co.* v. *Allen,* 68 Ill. App. 472, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JOHN BARTON PAYNE,
Judge, presiding.

This was an action on the case, instituted in the
Superior Court of Cook county by appellee, against the
appellant company, to recover damages for personal inju-

ries alleged to have been sustained by him by reason of the negligence of the servants of the appellant company.

The declaration alleged that while the appellee, with all due care, was endeavoring to enter one of appellant's cars, which had stopped at the crossing of Thirty-Second street and Cottage Grove avenue for the purpose of receiving passengers, the servants of the company in charge of the car negligently and recklessly caused the car to be suddenly and violently started and put into rapid motion, whereby the appellee was jerked and thrown from the car to and upon the ground with great force and violence, his collar-bone broken and other injuries to his person inflicted.

The trial before the court and jury resulted in a judgment in favor of the appellee in the sum of $2000. That judgment was affirmed by the Appellate Court for the First District, and the appellant company perfected this appeal to this court.

WILLIAM J. HYNES, for appellant.

CASE & HOGAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The court refused to allow a witness produced on behalf of the appellee to answer the following question propounded by the appellant: "In what polling precinct was the corner of South Park avenue and Thirty-Second street on September 6, 1892?" And also refused to allow the same witness to answer another question, viz.: "Can you tell me now which of those precincts the corner of South Park avenue and Thirty-Second street,—any corner,—is?" The exclusion of the evidence sought to be elicited by these questions is urged as ground for the reversal of the judgment.

Whether the car in question came to a stop at the intersection of Thirty-Second street and Cottage Grove

avenue for the purpose of permitting passengers to enter it, or whether appellee endeavored to get aboard the car while it was in motion, was a material fact to be determined by the jury. Louis Hutt, a witness introduced on behalf of the appellee, testified he was at the place in question and saw the car stop and soon after start again, and immediately thereafter saw the appellee lying on the ground, apparently injured. The witness accounted for his presence at the crossing by stating he had gone there and voted at a primary for the election of delegates to a convention. He also stated he lived at the south-west corner of South Park avenue and Thirty-Second street, and had lived there for more than forty years. Appellant contends, if answers had been permitted to have been made to the questions hereinbefore set out, it would have been disclosed the residence of the witness Hutt was not in the voting precinct within which the primary election was being held, on Cottage Grove avenue near Thirty-Second street, and hence it would have appeared he was not entitled to vote at the primary at which he testified he cast his ballot. The argument of appellant is, such testimony would have tended to contradict the statement of the witness Hutt that he was present at the time when and place where appellee received the injury.

It is competent for a party to produce testimony to contradict material statements of an adverse witness, though such statements do not relate directly to the matter in issue between the litigants. The purpose of such testimony is to discredit the witness, and therefore direct contradiction of the statement of the witness as to any fact or circumstance which tended to corroborate or strengthen his testimony is admissible. (*Butler* v. *Cornell*, 148 Ill. 276; 29 Am. and Eng. Ency. of Law, 783.) In the case at bar it was competent for the appellant company to contradict the statement of the witness Hutt that he was at the crossing where the injury is alleged to have occurred at the time in question, and also that he voted

at the primary. The latter statement offered a reason for his presence there, and tended to strengthen his assertion that he was there at the time and place of appellee's injury. He did not state he lived in the precinct for which the primary election was being held, and therefore the excluded testimony would not have directly contradicted any statement made by him. It was not, of course, proper to receive it for the purpose of showing the witness had illegally voted at the primary, for that in nowise concerned the issue to be determined by the jury. The questions, answers to which were excluded, called upon this witness to state in what precinct any corner of the intersection of Thirty-second street and South Park avenue was in, and an answer thereto, if permitted, might have had no relation whatever to the question whether the witness lived in the precinct wherein the primary in question was being held. Altogether, we think no sufficient reason appears for reversing the judgment because of the rulings under consideration.

It is complained the court gave the following instruction asked by appellee, viz. :

"If the jury, under the evidence and instructions of the court, find for the plaintiff, they should assess the plaintiff's damages; and in assessing his damages the plaintiff will be entitled to recover for any pain and anguish which he has suffered or will hereafter suffer in consequence of said injury, for any and all damages to his person, permanent or otherwise, occasioned by said injury, and, generally, the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration which they may believe, from the evidence, he has sustained by reason of said injury."

The first objection to this instruction is, that it assumes the plaintiff was injured. It appeared from the evidence, without contradiction, the appellee received a fracture of the collar-bone and several scalp wounds in the attempt made by him to enter the car. That he was

injured in such attempt does not appear to have been a controverted question. The appellant also based its instructions upon the assumption the appellee was injured upon the occasion in question. Instructions numbered 1, 5, 6 and 15, given for the appellant, are as follows:

1. "The court instructs the jury that there is no presumption of negligence arising against the defendant, or its agents, from the simple fact, of itself, that the plaintiff was injured in connection with the defendant's car.

5. "The jury are instructed that if, under the instructions of the court, they find, from the evidence in this case, that the plaintiff is not entitled to recover, then they will not have occasion to at all consider the question of damages or the character or extent of the injuries of the plaintiff, whether serious or slight.

6. "The jury are instructed that under the pleadings and evidence in this case they cannot allow the plaintiff for any loss of earnings up to date, even if they believe any resulted from the injuries in question.

15. "If it appears, from the evidence, that the plaintiff attempted to jump upon the car in question while it was in motion, and that his fall and injury were solely due to that fact, and that such conduct on his part was a want of ordinary care for his personal safety, then the jury are instructed that he cannot recover in this case, and their verdict should be not guilty."

Having asked and procured the court to give instructions assuming the appellee was injured, the appellant cannot justly complain if the court instructed for the appellee upon the same assumption. (*Consolidated Coal Co. v. Haenni*, 146 Ill. 614.) Furthermore, it is a general and well settled rule it is not error to assume in an instruction the existence of an uncontroverted fact.

Appellant contends it appeared appellee was afflicted with hernia, and that it was controverted whether such affliction resulted from the injuries received by the fall in question or existed prior thereto, and the criticism

upon the instruction in this respect is, that the injury assumed in the instruction might be understood by the jury to include the hernia. The only assumption of the instruction is the appellee was injured by the fall, and the declaration of the instruction is, the appellee will be entitled to recover for any pain or anguish which he has suffered or will hereafter suffer in consequence of such injury, and for any and all damages to his person occasioned by said injury, and, generally, for all damages alleged in the declaration which the jury should find, from the evidence, he has sustained by reason of said injury. It therefore seems clear the jury were left free to determine, from the evidence, whether he was afflicted with hernia by reason of the injury. The assumption of fact was no broader than the like assumption in the instructions asked by and given for the appellant company. As was said of a similar instruction in the case of *City of La-Salle* v. *Porterfield*, 138 Ill. 114, "the final clause, and, generally, the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration which they may believe, from the evidence, he has sustained by reason of said injury, clearly relates back to and qualifies each item of damages which the preceding part of the instruction tells the jury is competent to be considered by them as an element of damage." The comments of the court in approving the instruction before it in the case last cited are singularly appropriate and pertinent to the question presented by the criticism of the instruction in the case at bar. We do not think error reversible in character occurred in giving this instruction.

It is objected the court refused to give the following instruction asked on behalf of the appellant, viz.:

"The jury are instructed that it is a principle of law that if you believe, from the evidence, any witness has willfully and knowingly sworn falsely to any material element in the case, *or any witness has willfully and know-*

*ingly exaggerated any facts or circumstance for the purpose of deceiving, misleading or imposing upon the jury, either as to the origin of the plaintiff's ailments (so far as, from all the evidence, you believe they exist,) or as to the nature or extent of the injury,* then the jury have a right to reject the entire testimony of such witness unless corroborated by other evidence which they believe or by facts and circumstances that appear in the case."

This instruction, except that portion in italics, is embodied in instruction No. 13, which was given to the jury, as follows:

"If the jury believe, from the evidence, that any witness has willfully and knowingly sworn falsely to any material point in the case, they have the right to reject the entire testimony of such witness or witnesses in matters where their testimony is not corroborated by other witnesses whom they believe to be credible, or facts and circumstances appearing in evidence."

Instruction No. 13, which was given, includes in general terms all that was proper to be given in No. 17, refused. Without deciding the instruction as asked is not open to other objections, we may dispose of the point by observing it is not the law the entire testimony of a witness may be rejected from consideration by a jury upon the ground the witness has knowingly and willfully exaggerated *any* fact or circumstance, but only when he has knowingly and willfully sworn falsely to some matter or thing material in its character. 29 Am. & Eng. Ency. of Law, p. 780, and citations in note 1.

Believing no error reversible in character appears in the record the judgment is affirmed.

*Judgment affirmed.*