## Chicago North Shore Street Railway Company *et al.*
### *v.*
### Henry Strathmann.

*Opinion filed December 22, 1904.*

1. Instructions—*repetitions of instructions need not be given.* It is not error to refuse an instruction substantially repeating the principles announced in other instructions which have been given.

2. Same—*when refusal of an instruction is not reversible error.* Refusing to instruct the jury that if they find the plaintiff is not entitled to recover they will not have occasion to consider the character or extent of his injuries is not reversible error, where they have already been instructed to find the defendant company not guilty if they believe it was not negligent.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

This is an action on the case brought by Henry Strathmann, appellee, against the Chicago North Shore Street Railway Company and the North Chicago Electric Railway Company, the appellants, to recover damages for personal injuries.

The accident occurred on Evanston avenue, a public highway leading from the city of Chicago to the city of Evanston, and within a short distance of Lawrence avenue, about nine o'clock on the morning of September 11, 1897. On Evanston avenue appellants have a double track extending north and south, and at this point the avenue was unpaved and there were ditches from four to six feet deep on either side of the car track. Appellee was driving south in a one-horse wagon, and was thrown to the ground by a south-bound electric car striking the rear end of his wagon.

There is an irreconcilable conflict in the evidence as to the manner in which the accident occurred. The evidence on behalf of appellee was to the effect that he had been driving upon the south-bound track for several squares when the car

came up behind the wagon without any warning. On the other hand, the evidence on behalf of the appellants tends to show that before reaching the place of the accident the appellee was driving upon the north-bound track, and just at the time of reaching the place of the accident he suddenly turned out and into the south-bound track almost directly in front of the car; that the motorman rang his bell and called to appellee; that at the time the car struck it, the wagon was almost in the south-bound track and the horse was headed east, thus indicating that appellee was trying to swing out of the south-bound track into the north track at the time he was struck.

Upon a trial before the court and a jury judgment was rendered in favor of appellee for $5500, which has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

JOHN A. ROSE, and HENRY W. BRANT, (W. W. GURLEY, of counsel,) for appellant.

WILLIAM A. DOYLE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The grounds relied upon by appellants for reversal are three, all arising upon instructions. The first objection is to the eighth of those given at request of plaintiff, as follows:

"If the jury believe, from a preponderance of the evidence in this case, that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendants as charged in the declaration, then you may find the defendants guilty."

The contention is, that it limits the duty of appellee in the exercise of due care to the time of the accident, although the main question at issue was whether the appellee was guilty of contributory negligence in turning into the track near the approaching car. In support of this contention sev-

eral authorities are cited to the effect that it is improper to give an instruction which limits the question of due care to the conduct of the plaintiff at the time of the injury, regardless of his conduct in placing himself in the place of danger. We do not think the objection to this instruction well taken. The instruction does not limit the exercise of ordinary care to the exact time of the injury, but tells the jury that if the plaintiff, while in the exercise of ordinary care, was injured, etc., which time or ordinary care could reasonably be applied to the entire accident or occurrence rather than to the moment of the injury. Even if the objection to the instruction should be sustained, it was cured by others given. The first given on behalf of the plaintiff told the jury that the question whether or not the plaintiff exercised ordinary care for his personal safety, before and at the time of the occurrence of the injury complained of, was a question of fact to be determined by them, and the fifteenth given at the request of the defendants directly called the attention of the jury to the conduct of appellee before the accident, and told them that if, immediately prior to the time of the alleged accident, the plaintiff turned his horse from the north-bound track into the south-bound track immediately in front of the defendants' approaching car, without looking to see if a car was approaching and without paying attention as to whether the car was approaching, he could not recover. These instructions, taken together, fully informed the jury as to the rights of the plaintiff and the duty of the defendants, and it cannot be held that the eighth in any way injured or prejudiced the rights of appellants, even though inaccurate.

Complaint is next made of the refusal of the ninth instruction offered by the defendants. It was to the effect that if, immediately prior to the accident, plaintiff was driving his horse on the north-bound track and he was then at a safe distance from the car, then the defendants' servants operating said car would not be bound to slacken the speed in anticipation that the plaintiff might possibly suddenly turn his

horse in front of the car; that the motorman would under such circumstances be required to slacken the speed of his car only when it became apparent to him, in the exercise of ordinary care on his part, that the plaintiff was about to turn off of the north-bound track into the south-bound track. The substance of this instruction was covered by the fifteenth and twenty-eighth given on behalf of defendants, and while there were some matters contained in the instructions refused which were not contained in the other, they were not so material as to require the giving of the former.

It is finally insisted that the refusal of the defendants' twelfth instruction was reversible error. It is as follows:

"The jury are instructed that if, under the instructions of the court, they find, from the evidence in this case, that the plaintiff is not entitled to recover, then they will not have occasion to consider at all the character or extent of plaintiff's injuries, whether serious or slight."

In support of their contention appellants' counsel cite the case of *Chicago Street Railway Co.* v. *Osborne,* 105 Ill. App. 462. That case, under the statute, would not be authority in this court. It does not, however, hold that the refusal of a similar instruction constituted reversible error. The twenty-first given on behalf of defendants instructed the jury that if they believed, from the evidence, that there was no negligence on the part of the defendants in operating the car at the time and place in question but that plaintiff was nevertheless injured, they should find the defendants not guilty. It contained all that was material and proper to be given in the twelfth refused.

From a consideration of the whole case and all the instructions given we think the jury were fully and clearly informed as to the law applicable to the facts of the case, and that appellants' rights were in no way prejudiced by the giving or refusing of instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*