Alice Randall, Appellant, v. Sterling, Dixon & Eastern Electric Railway Company, Appellee.

### Gen. No. 5354.

1. INSTRUCTIONS—*propriety of, upon manner of deliberation.* It is proper for the court to inform the jury that in deliberating upon and determining the issues they should first decide upon the question of liability, and until that question has been determined they should not consider the nature, character or extent of the injuries made the basis of the claim for damages.

2. INSTRUCTIONS—*propriety of, upon obligation to consider testimony of unimpeached witness.* An instruction is proper which

tells the jury that they have no right to disregard the testimony of an unimpeached witness simply because he was in the employ of the defendant company.

3. INSTRUCTIONS—*argumentative in character.* Instructions argumentative in character should be refused.

4. PASSENGER AND CARRIER—*burden of proof to establish negligence.* The burden of proof to establish the specific negligence charged in the declaration is upon the passenger, and likewise is the burden upon the passenger to show *prima facie* the exercise of ordinary care for his own safety.

Action in case for personal injuries. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

JOHN E. ERWIN, for appellant.

HENRY S. DIXON and GEORGE C. DIXON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Alice Randall brought suit against the Sterling, Dixon & Eastern Railway Company to recover damages, alleged to have been received by her, because of the negligence of defendant, while alighting from its car. A jury returned a verdict in favor of defendant on which judgment was rendered and the plaintiff appeals.

Appellant was a passenger on a car of appellee going south on Cottage avenue in the city of Dixon. Between Second and Third streets she gave a signal that she desired to get off the car at Third street. The evidence shows that appellee was accustomed to stop its cars at street crossings for passengers to alight, after they had crossed the intersecting street. Appellant claims the car stopped for her to alight and that as she was about to alight, the car suddenly started and threw her to the ground injuring her. The preponderance of the evidence is that she was thrown to the ground, while trying to alight from the car, while it was in motion, where it did not stop and was

58     APPELLATE COURTS OF ILLINOIS.

Randall v. Sterling, Dixon & East. Electric Ry. Co., 158 Ill. App. 56.

not accustomed to stop. The injuries received by appellant were much less serious than claimed by her, yet, if she was injured by the negligence of appellee, while in the exercise of due care, she would be entitled to recover compensation for her damages. The evidence of appellant is that she was getting off the rear end of the car, when it was in the center of the street intersection, and the front end of the car was near the south side of the intersecting street. It is not contended on this appeal, but that the verdict is right on the facts, and is warranted by the evidence, which preponderates in favor of appellee. It is however insisted that the court erred in giving and refusing instructions.

It is contended that the court erred in giving the tenth instruction requested by appellee. This instruction informed the jury that in deliberating upon and determining the issues, they should first decide upon the question of liability, and until that question has been determined, they should not consider the nature, character or extent of her injuries. Such is the natural order of considering the issues and if appellant was not entitled to recover there is no reason for considering the damages or character and extent of the injury. Chicago City Ry. Co. v. Hagenback, 228 Ill. 290; Chicago City Ry. Co. v. Allen, 169 Ill. 287; North Shore Street Ry. Co. v. Strathmann, 213 Ill. 252. Objection is made to the appellee's seventh instruction which told the jury they had no right to disregard the testimony of an unimpeached witness simply because he was in the employ of appellee. This instruction was approved in Cicero Street Ry. Co. v. Rollins, 195 Ill. 219, and I. C. R. R. Co. v. Haskins, 115 Ill. 300.

It is argued that, because appellant was a passenger, when she proved she had been injured, she had made out a *prima facie* case and the burden of proving she was not in the exercise of ordinary care was on the appellee. The burden of rebutting the *prima facie* case was on the appellee, but the burden of proving the spe-

cific negligence alleged in the declaration, and that appellant was in the exercise of ordinary care, remained on the appellant. There was no accident or any unusual occurrence on the part of the appliances of appellee that the law required appellee to explain or rebut. Chicago Union Traction Co. v. Mee, 218 Ill. 9.

Appellant contends there was error in refusing the second instruction requested by appellant. The instruction in part is: "The court instructs the jury that the fact that the law does not make a common carrier an insurer of the safety of its passengers does not even to the slightest extent relieve such common carrier of its legal duty to exercise the highest degree of care for the safety of its passengers" etc. This instruction was properly refused because of the argument contained in it. The court should only announce the law and not argue the case for counsel. The remaining half of the instruction, which was proper, was given in two other of appellant's instructions.

Appellant contends that the court erred in regard to other instructions, but after a careful examination of all points made in her behalf we find no reversible error of law. It would needlessly prolong this opinion to review every instruction which is questioned. It is sufficient to say that the jury were fully instructed and there is no reversible error in the case. The judgment is affirmed.

*Affirmed.*