MOHMAD RASHEED *v.* MARGARET FERREIRA AND · THE CHILDREN'S SHOP, LIMITED, AN HAWAIIAN CORPORATION.

No. 2341.

ARGUED SEPTEMBER 14, 1938.    DECIDED SEPTEMBER 26, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE CRISTY IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

On the 4th day of December, 1935, Mohmad Rasheed filed his bill against Margaret Ferreira and The Children's Shop, Limited, an Hawaiian corporation. It alleged in sub-

stance: that on the 15th day of July, 1935, petitioner and Margaret Ferreira entered into an agreement of partnership under the terms of which petitioner advanced merchandise of the value of $1910 and that Margaret Ferreira advanced merchandise of the value of $1320, all for the purpose of operating in Honolulu a business known as Kay's Dress Shop; that on or about the 24th day of October, 1935, petitioner gave written notice to Margaret Ferreira of the termination of said partnership agreement in accordance with the terms of said agreement and requested a division of the assets and profits of the business of said partnership and for an accounting of the business affairs of said partnership, which was refused; at the trial this allegation was amended by substituting "oral" for "written"; that Margaret Ferreira is the principal stockholder in The Children's Shop, Limited, and is in fact the owner and manager of said corporation; that on the 19th day of November, 1935, petitioner and The Children's Shop, Limited, entered into an agreement under the terms of which petitioner transferred all of his interest in and to all of the goods, wares and merchandise belonging to Kay's Dress Shop to The Children's Shop, Limited, and that The Children's Shop, Limited, agreed to pay the sum of $377.96 to one S. Goldsmith, to whom petitioner was indebted, and further agreed to sell the merchandise so transferred to it by petitioner and after deducting said $377.96 to account and pay to petitioner the net proceeds realized from said sale; that said $377.96 has been paid but, although requested by him so to do, said The Children's Shop, Limited, has refused to make an accounting to petitioner of the balance of the proceeds received from the sale of the goods which he transferred to it; that Margaret Ferreira has transferred all of the Kay's Dress Shop partnership assets to The Children's Shop, Limited, and has intermingled the partnership goods with the goods of

The Children's Shop, Limited, for the purpose of preventing petitioner from knowing or determining what part of the partnership goods has been sold or otherwise disposed of. The prayer was for a dissolution of the partnership between petitioner and Margaret Ferreira and that respondent (evidently meaning The Children's Shop, Limited), be required to account for and concerning all sales of goods, wares and merchandise constituting the partnership assets of Kay's Dress Shop and that upon such accounting this court require respondents to pay to petitioner all moneys that may be found due and owing to him and that there be a division of any partnership assets that may yet remain unsold in the hands of the respondents or either of them. Copies of both the agreement of July 15, 1935, between Margaret Ferreira and petitioner and the agreement of November 19, 1935, between The Children's Shop, Limited, and petitioner are attached to said bill as exhibits.

From the agreement of July 15, 1935, it appears that Margaret Ferreira and petitioner agreed to operate the business known as Kay's Dress Shop, located at 69 South Hotel Street, Honolulu, T. H.; Margaret Ferreira agreed to advance merchandise to the value of $1320, in addition to furniture and fixtures; no valuation was placed on the furniture and fixtures in said agreement; petitioner agreed to advance merchandise of the value of $1910; after certain other provisions not relevant to this controversy it was agreed that profits resulting from the business would be divided equally between the parties and that the agreement might be terminated "by mutual consent upon which either party will give to the other sixty (60) days notice in writing of such termination," and any division of assets and profits will be made on the basis of one-half to each of the parties hereto at the time of the termination.

By the agreement of November 19, 1935, between the

petitioner and The Children's Shop, Limited, petitioner sold, transferred and set over to The Children's Shop, Limited, all of his right, title and interest in and to all the goods, wares and merchandise, assets, good will, trademark and other property of every kind and nature in said Kay's Dress Shop, together with all debts and things in action due or owing or to become due and owing by any person or corporation to said Kay's Dress Shop. It is recited in said agreement that petitioner was, prior to July 15, 1935, indebted to S. Goldsmith in the sum of $377.96, which he was unable to pay; that The Children's Shop, Limited, is willing to take over all of the property and interest of said Rasheed in and to the goods, wares and merchandise belonging to Kay's Dress Shop, located at 69 South Hotel Street, Honolulu, being the entire interest of said Rasheed in and to the business being carried on as Kay's Dress Shop by said Rasheed and Margaret Ferreira. Said agreement further recites that Margaret Ferreira and Mohmad Rasheed did on July 15, 1935, enter into an agreement with respect to the carrying on of said Kay's Dress Shop, not as partners except to the limited extent set forth in said agreement, and that Margaret Ferreira has consented that said Rasheed sell, assign and transfer all of his interest in and to the goods, wares and merchandise forming the stock in trade of Kay's Dress Shop to The Children's Shop, Limited.

In consideration of the sale and assignment of the said stock in trade, The Children's Shop, Limited, agreed to forthwith pay to S. Goldsmith for the account of Mohmad Rasheed the sum of $100 and to sell at retail the goods, wares and merchandise transferred to it and after reimbursing itself for all reasonable expenses and charges to apply the net proceeds realized from the sale of said goods as follows: To pay S. Goldsmith the sum of $25 per week, the first payment to be made November 30, 1935, and $25

on each Saturday thereafter until the remainder of the indebtedness of Rasheed to said Goldsmith in the sum of $277.96 is paid in full and after said Goldsmith has been paid in full and after The Children's Shop, Limited, has reimbursed itself for all moneys advanced by it to or for or on account of any indebtedness of said Rasheed then to account to said Rasheed for the balance of money so realized from the sale of said wares and merchandise. It was further agreed that The Children's Shop, Limited, would incur no indebtedness for or in the name of Mohmad Rasheed or Kay's Dress Shop without the consent of Mohmad Rasheed and Margaret Ferreira. Said agreement was executed in behalf of said corporation by Margaret Ferreira as manager.

On December 14, 1935, Margaret Ferreira filed her answer to said bill, in which she admitted the execution of the two documents of July 15, 1935, and November 19, 1935, denied all other allegations of the bill and for further answer alleged that petitioner had not given her sixty days' notice of the termination of said agreement of July 15, 1935, prior to the filing of his bill. On the same day The Children's Shop, Limited, filed its demurrer, the principal grounds of which are that it appears that said petition is exhibited against it and Margaret Ferreira for several and distinct matters and causes which have no relation to or dependence upon each other and in which this respondent is not in any manner interested or concerned; that said petition shows on its face that petitioner is not entitled to an accounting for the reason that the agreement in writing dated July 15, 1935, provides that said agreement may be terminated only at the expiration of sixty days' written notice of such termination whereas petitioner has alleged that petitioner gave notice on or about the 24th day of October, 1935, of the termination of said agreement. The demurrer having been overruled,

the respondent The Children's Shop, Limited, filed its answer in which it admitted the execution of the agreement of November 19, 1935, and either denied or alleged want of sufficient knowledge to admit or deny all other allegations of the bill.

On June 10, 1936, counsel stipulated that a statement of account covering the period from November 19, 1935, to June 10, 1936, would be prepared by respondents and submitted to petitioner for an examination by June 25, 1936.

On August 14, 1936, the respondent having submitted an account in accordance with the foregoing stipulation the same was introduced in evidence and made part of the record. Thereupon an order of reference to a master was entered which recites that the parties stipulated, subject to their respective rights to make objections and take exceptions and "preserving such objections and exceptions as have already been made," that the accounts of the parties herein and an accounting may properly be referred to a master for that purpose and Harold C. Hill was appointed master to examine and make a statement of and report upon the accounts of said Kay's Dress Shop and of Mohmad Rasheed and Margaret Ferreira, copartners therein, from July 15, 1935, to November 19, 1935, and to examine, make a statement of and report upon the accounts of and between said Kay's Dress Shop and the said The Children's Shop, Limited, and the interest therein of the said Mohmad Rasheed from November 19, 1935, to August 14, 1936. Neither on June 10 nor on August 19 was any issue of prematurity of the bill raised on the ground of nonpayment of Goldsmith prior to filing of the bill.

The master, on September 8, 1936, filed his report in which he analyzed the statement of operations of Kay's Dress Shop covering two periods, the first from July 15, 1935, to November 19, 1935, and the other from November

20, 1935, to August 14, 1936. This analysis showed that on November 19, 1935, Kay's Dress Shop had an inventory of merchandise, the cost value of which was $1919.29. It further showed that during the period from November 20, 1935, to August 14, 1936, goods which cost $894.58 had been sold, for which $1248.81 was received, or $354.23 more than the cost of the goods sold. It, however, showed that The Children's Shop, Limited, had charged operating expenses incurred in the sale of said merchandise, including wages, salaries, rents, taxes, advertising, general expenses and commissions amounting to $3823.99, resulting in an operating loss of $3469.76. The master's report contained no recommendation. It was, however, a full statement of the accounts contained in the books of account kept by the parties. The court, not being satisfied with the report of the master, without objection re-referred said accounts to him by supplemental order dated September 11, 1936, wherein the master was instructed to re-examine said accounts and report to the court his findings upon the accuracy thereof, the reasonableness of the charges and debits and of the credits therein and to make a full investigation and report to the court upon his findings and recommendations and advise the court what, in his opinion, is a true and reasonable statement of the account between the parties, with his reasons therefor.

On November 25, 1936, the master filed his supplemental report in which he showed a balance sheet as of November 19, 1935, which showed assets of Kay's Dress Shop as follows: Stock of merchandise, $1919.79; cash, $110.04; accounts receivable, $360.20; owing by partners, $803.67; total, $3193.70. The liabilities on this balance sheet show: Accounts payable for merchandise, $407; for rent, $337.97, and a net worth of the business of Kay's Dress Shop as of November 19, 1935, of $2348.87. This is a mistake of $100 in subtraction. It should be $2448.87.

He assumed that one-half of this net worth belonged to petitioner. However, the petitioner owed the partnership for advances amounting to $498, which, deducted from one-half of the net worth, reduced his interest in the assets to $676.43. In neither of the reports of the master was any account taken of the value of the furniture and fixtures referred to in the agreement of July 15, 1935. Upon re-examination the master concluded that the expenses charged by The Children's Shop, Limited, during the period from November 20, 1935, to August 14, 1936, amounting to $3823.99, were not proper charges as expenses of sale for which it was entitled to reimbursement and substituted for said charges a percentage of the sale price of goods. The percentage used by the master was arrived at by determining what percentage it had cost Kay's Dress Shop during the period from July 15, 1935, to November 19, 1935, to sell its goods, without taking into consideration any salary for the three Ferreiras. That percentage he found to be 25.84% and applied that percentage to the sale price of goods made by The Children's Shop, Limited, as proper compensation to it for its services in selling said goods. By this method he found that The Children's Shop, Limited, had, during the period from November 19, 1935, to August 14, 1936, sold at retail merchandise belonging to Kay's Dress Shop having a book or inventory value of $849.58 for $1248.81. He assumed that one-half of these goods belonged to The Children's Shop, Limited, having found that Mrs. Ferreira had also conveyed her interest in Kay's Dress Shop to said corporation. The Children's Shop, Limited, had therefore received $624.41 for goods conveyed to it by petitioner. He then deducted 25.84% of this sum as compensation to The Children's Shop, Limited, for its services, leaving $463.06 to be accounted for. He then found that The Children's Shop, Limited, had disposed of said money as follows: Paid S. Goldsmith

$377.96; reimbursed itself for legal fees advanced for petitioner, $10, or a total of $387.96, from which he concluded that The Children's Shop, Limited, had cash on hand belonging to petitioner in the sum of $85.10 (a mistake of $10 in subtraction; it should be $75.10) and was still accountable for goods remaining unsold amounting to $229.14. No recommendation for disposition of accounts receivable was made by the master.

Both the petitioner and respondents filed exceptions to the report of the master. The petitioner excepted to said report on the ground, among others, that the master did not take into consideration the inequality of the contributions of the partners to the assets of Kay's Dress Shop and contended that Mr. Rasheed had $590 more coming to him than Mrs. Ferreira by reason of his greater original investment and reached the conclusion that The Children's Shop, Limited, should account to petitioner for $695.78 instead of the $85.10 reported by the master. The respondents excepted to the report on the ground, among others, that the master did not allow the expenses incurred by The Children's Shop, Limited, in carrying out its duties under its contract with petitioner. In his original report the master had set up these expenses as part of the account between petitioner and The Children's Shop, Limited. In his supplemental report in lieu of these expenses he substituted the percentage of the sale price of goods which he found it had cost Kay's Dress Shop to do business and recommended that The Children's Shop, Limited, be allowed that percentage of sales to compensate it for the sale of said goods, this percentage to be in lieu of all other compensation and expenses. Respondents took issue with the master on this finding as being contrary to the provisions of the agreement of November 19, 1935, between petitioner and The Children's Shop, Limited.

After a hearing on the exceptions the circuit judge

filed his decision in writing, finding that the sale by petitioner of his interest in the partnership assets of Kay's Dress Shop, with the consent of Mrs. Ferreira, constituted a dissolution of the partnership and that the filing of an account by respondents and the stipulation of the parties to submit the accounts to a master constituted a waiver of the grounds of the demurrer. The circuit judge further found that at the time the bill was filed the payments to S. Goldsmith had not been fully made but, being advised by counsel for petitioner that the question of prematurity was decided upon the argument of the demurrer, declined to re-examine the question. He ruled, however, that in any event respondents waived their right to raise the objection that the bill was prematurely filed by submitting an account at the prior hearing and stipulating that it should be referred to a master, and even if they had not waived their rights to now object, no prejudice or harm is shown by refusing to dismiss the cause at this time. He further found from the evidence, and cited it as a reason for refusing to dismiss the cause as prematurely filed, that prior to the filing of suit petitioner called upon the respondents and questioned them concerning the status of the business and was told by both Mr. and Mrs. Ferreira (Mrs. Ferreira being admittedly the manager of The Children's Shop, Limited), that he had not a cent coming to him and that he in fact owed The Children's Shop, Limited, 85¢ and that in view of this statement the petitioner was entitled to immediately resort to a court of equity to protect and enforce his rights. The court thereupon adopted the plan of settlement recommended by the master but found clerical errors in it which he corrected. He found that the net worth, instead of being $2348.87, was $2448.73 and that $85.10, which the master found to be the amount of cash on hand due to petitioner, should be $75.10. To this sum the court added $150, which he found upon conflicting

evidence to be one-half of the value of the furniture and fixtures referred to in the agreement of July 15, 1935, and which he found were sold to The Children's Shop, Limited. He thereupon found that the amount due petitioner was $75.10, plus the $150 above mentioned, or a total of $225.10.

As to the goods remaining unsold, the court ordered that they be divided equally between the petitioner and the respondent The Children's Shop, Limited. As to the accounts receivable, "now outstanding and collected," it was ordered that they be sold or assigned and the proceeds divided. A decree having been entered in conformity with said decision, the respondents have appealed. Respondents in their opening brief have grouped their nine assignments of error under three heads, as follows: (1) that the suit was prematurely brought; (2) that there is want of equity in the petition; and (3) that the sum equal to 25.84% of the gross sales is not a fair and reasonable sum to compensate The Children's Shop, Limited, for its services, advances and expenses in connection with the November 19, 1935, contract.

We think it is clear that the bill in this case was prematurely filed, under the November 19, 1935, agreement. The accounting which The Children's Shop, Limited, agreed to make was to be made after Goldsmith had been paid and after The Children's Shop, Limited, had reimbursed itself. The undisputed evidence is that on December 4, 1935, when the bill was filed, Goldsmith had not been paid and that he was not fully paid until February 15, 1936. The circuit judge, however, concluded that the voluntary accounting made by the respondents after Goldsmith was paid and stipulating that it be referred to a master constituted a waiver of their right to raise the objection that the bill was prematurely filed. The fact that Goldsmith had not been paid when the bill was filed

was peculiarly within the knowledge of respondents. They should therefore have filed a plea in abatement before answering, setting up that the time for an accounting had not arrived for the reasons now urged and had a ruling on that plea. Had they done so they would be in a position to insist in this court that the bill was prematurely filed. (*Olson* v. *Harvey,* 188 Pac. 751.) Instead of presenting such a plea they filed an answer denying in very general terms the allegations of the bill and some four months after Goldsmith had been paid they entered into a stipulation in open court whereby they undertook to make an accounting as of June 10, 1936, and submit it to petitioner by June 25, 1936. There was no reservation of former objections in this stipulation nor present issue raised as to the bill being premature under the November 19 agreement. The accounting was made and furnished to petitioner and when the parties next appeared before the court in August, 1936, the stipulation of reference was made and contained merely the reservations set out above.

The premature commencement of the action was not, as argued by counsel for the respondents, a jurisdictional matter but one which might be waived by failure to seasonably interpose an objection on that ground. (1 C. J. 1152.)

The ruling of the circuit judge that respondents had, by the conduct herein set forth, waived their right to raise the objection that the bill was prematurely filed, is amply supported by the authorities. (*Lake* v. *Anderson,* 78 N. Y. S. 444; *Olson* v. *Harvey, supra; Butler* v. *Cornell,* 35 N. E. 767; 53 C. J. 681.)

On the question of whether or not the court was justified in fixing the compensation of The Children's Shop, Limited, at 25.84% of the sales made by it, we first look to the contract or agreement of November 19, 1935, to ascertain what the parties agreed on this subject. The only

language in said agreement having the remotest bearing on this issue is as follows: "It is agreed by said Children's Shop, Limited, that it will * * * sell at retail the goods, wares and merchandise hereby transferred to said corporation, and after reimbursing itself for all reasonable expenses and charges, will apply the net proceeds realized from the sale of said goods as follows." The application to be made of the net proceeds is not pertinent to the present inquiry. From the foregoing we see that The Children's Shop, Limited, was to reimburse itself for all "reasonable expenses and charges." That is, its expenses and charges must be reasonable.

The master's report and the evidence show that The Children's Shop, Limited, had charged expenses amounting to more than three times the amount received from the merchandise sold which it claimed to have incurred in the sale of about one-half of said merchandise. These charges exceed the value of the assets of Kay's Dress Shop, made up of merchandise, accounts receivable and cash on hand on the date of the transfer to The Children's Shop, Limited.

It does not require the wisdom of a Solomon to determine that the accounting which the respondents were willing to make and which they exhibited to petitioner was not based on "reasonable expenses and charges." If evidence of the unreasonableness of the accounts submitted by the respondents was necessary the testimony of the master supplied it. His testimony in support of his recommendations also supports the court's finding that the percentage of sales adopted by the master was sufficient to cover the reasonable charges and expenses of The Children's Shop, Limited, in the sale of said merchandise. The other figures used by the court in arriving at its decision and decree, with the exception of the allowance for the furniture and fixtures referred to in the agreement of July 15, 1935, are not disputed. The court decided that

the furniture and fixtures referred to became a partnership asset and that petitioner's interest therein was worth $150 and had been conveyed to The Children's Shop, Limited. He therefore ordered that The Children's Shop, Limited, account for that value. The determination of the status of said furniture and fixtures is not free from difficulty. The partnership agreement of July 15, 1935, to which we must look for a determination of that question, is very poorly drawn. By the terms of said agreement Margaret Ferreira was to "make advances in stock of merchandise to the value of One Thousand Three Hundred Twenty ($1320.00) Dollars, in addition to furniture and fixtures." The petitioner was, by the terms of the same agreement, to "make advances in stock of merchandise to the value of One Thousand Nine Hundred Ten ($1910.00) Dollars." Upon termination of the agreement, a division of assets and profits was to be made, one-half to each of the parties. The agreement undoubtedly created a partnership between the parties and the merchandise "advanced" by the parties undoubtedly became a partnership asset. The parties have so treated it. We conclude that the most reasonable construction of the language used is that the furniture and fixtures were to be a part of Mrs. Ferreira's contribution to the assets of the partnership and that the circuit judge did not err in requiring the respondent to account for one-half of the value thereof.

The decree appealed from is affirmed.

*E. R. McGhee* (also on the briefs) for respondents.

*J. P. Russell* (*Thompson, Wood & Russell* on the brief) for petitioner.