## HENRY MEYER

*v.*

## THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Opinion filed February 17, 1899.*

| 177 | 591 |
| --- | --- |
| 192 | ¹637 |

| 177 | 591 |
| --- | --- |
| 99a | ¹265 |

1. LAW AND FACT—*when question of relation of fellow-servants is one of law.* The question of the existence of the relation of fellow-servants becomes one of law for the court where the plaintiff's evidence alone or the conceded facts are so conclusive in their nature that reasonable minds would agree that such relation existed.

| 177 | 591 |
| --- | --- |
| 195 | ¹634 |
| 100a | ¹396 |

| 177 | 591 |
| --- | --- |
| 104a | ¹ 84 |

2. FELLOW-SERVANTS—*conductor and fireman on the same train are ordinarily fellow-servants.* A railroad conductor performing his ordinary duties, and not clothed with any special power over the fireman on the same train, is the latter's fellow-servant, and not the vice-principal of the railroad company.

| 177 | 591 |
| --- | --- |
| 205 | ¹212 |
| 109a | ²498 |

| 177 | 591 |
| --- | --- |
| e113a¹ | 45 |

3. RAILROADS—*when fireman cannot recover for injuries received in collision.* A locomotive fireman injured in a collision resulting from the negligence of the conductor of the same train in not having the brakes set in time to allow the train to take a siding, as previously ordered by the train dispatcher, cannot recover from the company in the absence of proof of special powers possessed by the conductor which would make him vice-principal of the company.

| 177 | 591 |
| --- | --- |
| 115a | ¹531 |

MAGRUDER, J., dissenting.

*Illinois Central R. R. Co.* v. *Meyer*, 65 Ill. App. 531, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. JAMES SHAW, Judge, presiding.

C. B. MORRISON, and DIXON & BETHEA, for appellant:

When a master delegates to a servant duties which belong to himself, the servant will occupy the place of the master,—not that of a fellow-servant with other employees. Buswell on Personal Injuries, sec. 220.

A conductor having entire control and management of a railway train is in fact, and should be treated as, the personal representative of the corporation, for whose negligence it is responsible to subordinate servants. In

no proper sense of the term is he a fellow-servant with the fireman, the brakeman, the porter and the engineer. *Railroad Co.* v. *Ross,* 112 U. S. 377.

The conductor of a freight train, whom, by the rules of the company, the engineer is bound to obey, and who is accountable for the conduct of the trainmen, is a vice-principal, and not a fellow-servant of a brakeman who is injured in a collision. *Railroad Co.* v. *Spense,* 23 S. W. Rep. 211.

Courts of last resort in a number of States have held that a conductor is not a fellow-servant with others employed on the train. *Railroad Co.* v. *Stevens,* 20 Ohio, 416; *Railway Co.* v. *Moore,* 24 Am. & Eng. Ry. Cas. 443; *Railroad Co.* v. *Brook,* 83 Ky. 129; *Railroad Co.* v. *Lundstrom,* 16 Neb. 254; *Mann* v. *Print Works,* 11 R. I. 152; *Boatwright* v. *Railroad Co.* 25 S. C. 128; *Railroad Co.* v. *Collins,* 85 Tenn. 227; *Railroad Co.* v. *DeBray,* 71 Ga. 406; *Railroad Co.* v. *Williams,* 86 Va. 165; *Railroad Co.* v. *Hawk,* 121 Ill. 259; *Railroad Co.* v. *Blank,* 24 Ill. App. 438.

WILLIAM BARGE, and E. E. WINGERT, for appellee:

The mere fact that one of a number of servants who are in the habit of working together in the same line of employment for a common master has power to control and direct the actions of the others with respect to such employment, will not render the master liable for the negligence of the governing servant resulting in an injury to one of the others. *Railroad Co.* v. *May,* 108 Ill. 288.

It is an error to suppose that a force of men cannot be engaged in a common service unless all are continuously working at the same time and engaged in doing precisely the same kind of work. It is sufficient if all are actually employed by the same master, and that the work of each, whatever the same may be, has for its immediate object a common end or purpose sought to be accomplished by the united efforts of all. *Abend* v. *Railroad Co.* 111 Ill. 210; *Miller* v. *Railroad Co.* 24 Ill. App. 326; *Railroad Co.* v. *Baugh,*

149 U. S. 368; *Railway Co.* v. *Moranda*, 93 Ill. 302; *Railroad Co.* v. *Cox*, 21 id. 20; *Railroad Co.* v. *Keefe*, 47 id. 108; *Railway Co.* v. *Britz*, 72 id. 256; *Railroad Co.* v. *Durkin*, 76 id. 395; *Railroad Co.* v. *Murphy*, 53 id. 338; *Stafford* v. *Railroad Co.* 114 id. 244; *Valtez* v. *Railway Co.* 85 id. 500; *Clark* v. *Railroad Co.* 92 id. 43; *Railway Co.* v. *Gordon*, 17 Ill. App. 63; *Railroad Co.* v. *O'Bryan*, 15 id. 134; *Lincoln Coal Mining Co.* v. *McNelly*, 15 id. 181; *Railroad Co.* v. *McDonald*, 21 id. 409; *Railroad Co.* v. *Hosler*, 45 id. 205; Pierce on Railroads, 361; Cooley on Torts, 544; Wharton on Negligence, sec. 224.

The foreman of a company of men employed by a railway company is a fellow-servant with those under him, and for an injury to one of them caused by his negligence the company is not liable. *Railroad Co.* v. *Simmons*, 11 Ill. App. 147.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was an action on the case by appellant, against appellee, to recover for damages arising from an injury received by reason of a train on which he was firing coming in collision with a train running in an opposite direction, on appellee's road, causing appellant, to save himself, to jump from his engine and injure himself. His left foot and leg were run over by the cars and crushed, so that amputation became necessary. The accident occurred at or near the station of Lead Switch, in JoDaviess county, Illinois. The first count in the declaration, and the only one on which appellant claimed the right of recovery, sought to recover on the theory and charge that the conductor of the train, George McDuff, was the superior servant in charge of the appellant as fireman, and had charge of the running of the train and entire control and management of it; that he was representing appellee as vice-principal in the running of the train, and that the accident was due to his negligence in not causing the train which he was running, and of which appellant was

177—18

fireman, to stop and not to run past Lead Switch station, where he was ordered by the train dispatcher to meet wild east-bound train No. 508. The train McDuff was running was No. 18, and was west bound.

It is insisted by the appellant that the failure of the conductor, McDuff, to cause the brakes to be set in time to stop his train at Lead Switch and prevent collision with the train he was ordered to meet there was such negligence as rendered appellee liable for the injury done to appellant by reason of the collision. The declaration further avers that the conductor had control of the fireman, as well as of all other employees of his train, and had a right to report a disobedience of his orders to the company and have them discharged, if the company would discharge them for disobedience. The act of negligence alleged against McDuff was that of omission, and not of commission.

The case was tried by a jury, and resulted in a verdict for appellant for $9000. A *remittitur* of $3000 was entered, and a judgment on the verdict for $6000 in favor of the appellant resulted. The defendant appealed to the Appellate Court for the Second District, where the judgment was reversed, and, as appears by the record, the court found "that the conductor, McDuff, mentioned in the declaration and evidence, was the fellow-servant of the appellee, both having the same common master, to-wit, appellant, (the Illinois Central Railroad Company,) unless, under the evidence and as a matter of law, said conductor stood in the relation of vice-principal of appellant to appellee, which we find, as a matter of law, he did not."

There is no evidence tending to show that McDuff, as conductor, had any power more than any ordinary conductor. He had no special supervision over other employees more than ordinary conductors. He was running the train from point to point and station to station under scheduled time, and under orders, telegraphic or otherwise, of a train dispatcher, which he had no right to

disobey or command other employees to disobey. His power was limited. He had no right to employ either the engineer or fireman or discharge either for any cause. He could report any dereliction of duty to headquarters or to the superior officers of the road; so could any other employee report any other. Rule 41 of appellee reads as follows: "No train will leave a station without a signal from its conductor, nor before its time as specified in the time-table, without a direct and explicit order from the train-master. Trains must be run under the directions of its conductor, except when his directions conflict with these rules or involve risk and hazard, in which case the engineer will be held equally responsible." It seems from this rule that he had partial control over the train and the train crew, but could not act contrary to the company's rules or where his action involved risk or hazard, in which case the engineer was equally responsible. He had not the management of the train—the full control— as the principal officers of the company would have had or that the train dispatcher had; and the engineer had a veto in case of risk, and must judge of when there was risk, as a matter of course. It may be admitted that it was the duty of the conductor to run the train inside the rules, and to so run it as to avoid injury to it and to every one connected with it and to the public, and the evidence tended to show that while he was aware that he was to meet the other train at Lead Switch he failed to keep his train under control so as to stop at that station or avoid injury; but, under the circumstances, can he be regarded as the vice-principal of appellee, so as to make it responsible for his negligent act, irrespective as to whether he was the fellow-servant of appellant? If the conductor was not the vice-principal of appellee in regard to the negligence charged and which the evidence tends to prove, he was clearly the fellow-servant of appellant.

There is no dispute in this case, or claim by appellant, that the accident of the collision occurred in any other

way than by the failure of the conductor to set the brakes himself, or to order the brakeman to do so, in time to stop the train at Lead Switch. The accident did not occur on account of the conductor's exercise of any authority over the appellant which appellant, by virtue of his inferior position, was bound to obey under penalty of discharge, but the accident resulting from the negligence, if any, was one that might have happened if any other person than the conductor had been intrusted with simply running the train and setting the brakes in connection with the fireman and others, without any control over the fireman. The negligence was, then, that of a fellow-servant, done in the performance of a fellow-servant's duty, so far as the evidence shows.

The fact that one of the number of servants is invested with power to control and direct the actions of others will not, of itself, render the master liable for the negligence of the governing servant. (*Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288; *Wabash, St. Louis and Pacific Railway Co.* v. *Hawk,* 121 id. 259; *Gall* v. *Beckstein,* 173 id. 187.) In *Railroad Co.* v. *Baugh,* 149 U. S. 349, it was held that an engineer who, under the orders of the company, was regarded as conductor, was not a vice-principal.

These cases tend to show that the control of the train and crew must be complete to constitute a foreman a vice-principal. We fail to see how the conductor may be held to be a vice-principal as a matter of law, when, as a matter of fact, he is a fellow-servant.

The finding of facts by the Appellate Court that the plaintiff and the conductor were fellow-servants is conclusive on this court on that question unless it is qualified by the further finding, "unless, under the evidence and as a matter of law, said conductor stood in the relation of vice-principal of appellant to appellee, which we find, as a matter of law, he did not." With the facts found that the relation of fellow-servants existed, it cannot, as a principle of law, be held the relation did not exist.

There is no evidence in this record showing the conductor was a vice-principal.

Where the evidence for the plaintiff is absolutely conclusive of the relation existing between master and servant, and reasonable minds would not differ as to whether the relation of fellow-servants existed, in such case the question becomes one of law. (*Wabash Railway Co.* v. *Brown*, 152 Ill. 484.) If this rule did not prevail, that a court could determine that the relation of fellow-servants existed as a matter of law, and if a trial court, or court whose finding of facts must be held conclusive, could not adjudicate and determine that question of fact as a matter of law, then, where the facts are conceded or presented by the plaintiff alone, a court would be powerless to control the verdict, even though different minds would not differ as to the relation existing. (*Wabash Railway Co.* v. *Brown, supra.*) If it could not become a question of law under such circumstances where it arises on the evidence introduced by the plaintiff alone or where the evidence is not in conflict, then in no case could a trial court instruct the jury to find for the defendant where the relation of fellow-servants existed, however conclusive might be the evidence in that behalf.

The holding of the Appellate Court on the question of law presented constitutes a holding of law on conceded facts. The finding of the Appellate Court, under the facts appearing in this record as the basis of its judgment, is conclusive on this point. *Butler* v. *Cornell*, 148 Ill. 276; *Smith* v. *Billings*, 169 id. 294; *Anderson* v. *Mutual Reserve Fund Life Ass.* 171 id. 40.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.