## THE CHICAGO EDISON COMPANY

### *v.*

### MARY MOREN, Admx.

*Opinion filed April 17, 1900—Rehearing denied June 14, 1900.*

1. TRIAL—*when peremptory instruction for defendant must be refused.* It is proper to refuse a peremptory instruction to find for defendant if there is evidence tending to establish the cause of action.

2. MASTER AND SERVANT—*servant may assume that he will not be exposed to unnecessary danger.* A servant ordered by one in authority to do a dangerous act is not required to balance the degree of danger and decide with absolute certainty whether he may safely do the act; and his knowledge of such danger will not defeat a recovery for injury, if, in obeying his master's command, he acted with that degree of prudence which an ordinarily prudent man would have used under the same circumstances.

*Chicago Edison Co. v. Moren,* 86 Ill. App. 152, affirmed.

185  571
s86a 152

185  571
92a ²314

185  571
97a ²628

185
193  ¹332
193  ²333

185  571
194  ¹444
194  ¹618
195  ¹137
196  ²349

185  571
203  ²503

185  571
207  ²460

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. TRUDE, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county in an action brought by the appellee, against the Chicago Edison Company, to recover for the death of Thomas Moren, which occurred while the deceased was in the service of appellant as a laborer, removing brick from under a certain boiler belonging to appellant.

The facts resulting in the death of Thomas Moren, which led to the litigation, as stated by the Appellate Court, and which are borne out by the evidence introduced on the trial, are substantially as follows:

The Chicago Edison Company employed the Merchants' Transfer Company to take down and remove from the plant of the former its boiler and engines. The boiler weighed between 26,000 and 28,000 pounds, and was from eighteen to twenty feet in length, and rested on a brick foundation about three and a half feet high. By the terms of the contract between the companies the Merchants' Transfer Company had the exclusive right to determine the manner of removal of the boiler and the machinery and appliances with which such removal would be effected. The work of removing the brick foundation so that the boiler might be lowered onto skids preparatory to removal from the building was the work of appellant and was exclusively under its control and direction. The transfer company sent to the appellant's building its foreman, John Brown, with a gang of its men and the necessary appliances to hoist and remove the boiler. When Brown arrived with his men at appellant's building, appellant's foreman, Patrick Tully, was there with a gang of appellant's men, of whom Thomas Moren, appellant's intestate, was one. At that time the

brick had been removed from beneath one end of the boiler, and that end was temporarily supported by iron slabs or legs, and the south end rested in an arch in the brick foundation. It was hoisted in the usual way and by means of the usual appliances. John Brown, foreman of the transfer company, testified: "The chain we used was a three-quarter-inch chain. There were two drums to that boiler. We used two chains, each three-quarter-inch. Each chain was wrapped twice around each drum. Overhead they were fastened by a pulley and hook—fastened by a pulley. The pulley was fastened by the hook. These chains were around the different drums, and united up there in the hook that was fastened to a beam above. It was one chain, but three times in the hook. The chain was not only twice around each drum, but came together and hung double in the hook. The chains were iron, and capable, as was estimated, of supporting a weight of 29,000 pounds used singly and twice that weight when used as above described." VanCourt, treasurer and cashier of the Merchants' Transfer Company, and who had general supervision of the business of that company, was present when Brown, the foreman of the company, was ready to commence hoisting the boiler from the foundation, and seeing some of appellant's men working under the boiler, he spoke to Tully, appellant's foreman, telling him that he had better take his men from under the boiler until it should be hoisted and blocked up. The men then came from under the boiler. After so cautioning Tully, VanCourt went to lunch and did not return until after the accident hereinafter mentioned had occurred. After VanCourt left, the boiler was hoisted about six inches above the brick foundation and about four feet or a little more above the floor, no one at that time being under it. When it was hoisted, Brown and several of the men under him got on top of it and swung, surged and tested it, after which Brown says he said, "It is all right," and then the men went back under the boiler.

Tully, appellant's foreman, testified that Brown said, "All right; go ahead," and also testified that he (Tully) told Moren to go to work under the boiler after it was hoisted. In about five or ten minutes after Brown said it was all right the boiler fell. Moren at that time was under the south end of it, working at the brick foundation, and was crushed by the falling boiler and killed.

AMERICUS B. MELVILLE, and FRANK J. CANTY, for appellant.

JUDD & HAWLEY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The declaration contained five counts, but all of the counts except the fifth were practically abandoned and a recovery was had under that count. In the fifth count it was in substance averred that defendant was engaged in removing a certain large boiler in Chicago; that the removal was made under the superintendence of the foreman of the Merchants' Transfer Company and the engineer of the appellant; that Thomas Moren was then and there in the employ of the appellant, the Chicago Edison Company, working as a laborer, and under the directions and orders of said foreman above mentioned and said engineer; that in order to remove said boiler a chain was placed around said boiler, and said boiler was lifted or hoisted a distance of six inches from the brick foundation upon which said boiler had previously rested, and the said Moren and other laboring men were instructed by the said foreman and the said engineer to proceed to work beneath the said boiler, which was of great weight, to-wit, the weight of eighteen tons, and to remove the brick foundation upon which said boiler had previously rested, which instructions the said Moren and his other fellow-laborers proceeded to carry out; that it was well known to the said foreman and the said engineer at the

time they instructed the said Moren to work beneath the said boiler that it was dangerous for any person to work beneath the said boiler swinging upon chains, as aforesaid, but such danger was unknown to said Moren, who was an ordinary laboring man and unfamiliar with machinery and mechanics; that it was then and there the duty of the defendant to have prevented the said Moren, or any other laborer or person, from going beneath or working beneath the said boiler, yet the said defendant, acting through its said servants and employees, willfully, knowingly, carelessly and negligently failed to prevent the said Moren from going beneath said boiler and working beneath said boiler, but, on the contrary, ordered the said Moren to go beneath the said boiler and work beneath the said boiler, which he, the said Moren, then and there did, and whilst the said Moren was thus working beneath said boiler the chain by which said boiler was suspended broke, and the said boiler fell upon the said Moren and crushed and killed him, without any fault on his part, and while he was using good care and diligence for his own safety, etc.

At the close of the evidence the appellant requested the court to instruct the jury to find for the defendant, but the court refused the instruction, and the ruling of the court is relied upon as error. We have often held that where there is evidence fairly tending to establish a cause of action it is not error to refuse a peremptory instruction to find for the defendant. Adhering to that rule, we cannot say the court erred here. In *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447, it was held that a servant ordered by the master to perform a particular work has the right to assume that he will not be exposed to unnecessary perils and to rest upon the implied assurance that there is no danger. In *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak,* 148 Ill. 573, it was held that where an act was performed by a servant in obedience to a command from one having authority, and the performance

of the act is attended with a degree of danger, it is not required that such servant shall balance the degree of danger and decide with absolute certainty whether he must do the act or refrain from it; and his knowledge of the attendant danger will not defeat his right of recovery, if, in obeying the command of the master, he acted with that degree of prudence that an ordinarily prudent man would have used under the circumstances.' Here, Moren was in the service of appellant as a common laborer, working under one Tully, who was boss or foreman. He had nothing to do with the hoisting of the boiler, and he was not chargeable with inquiry whether the manner adopted in hoisting it was safe or unsafe. The foreman of appellant, Tully, ordered Moren and the other laborers who were working with him to go under the boiler after it had been hoisted, and remove the foundation brick, when he knew it was dangerous to work under a boiler suspended, as this one was, by chains, as he had been told that it was not safe for men to work under the boiler unless it was blocked. There was, in our judgment, ample evidence from which the jury might properly have found that appellant was guilty of negligence, and the instruction to take the case from the jury was properly refused by the court.

It is, however, said, if there is any liability it is upon the Merchants' Transfer Company. That company had a contract with appellant to move the boiler, but it had nothing to do with the removal of the brick from under the boiler. That part of the work belonged to appellant, and it was the removal of the brick from under the boiler, under the order of appellant's foreman, which caused the death of Moren.

The appellant, so far as appears, has had a fair trial. The record is free from substantial error, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*