### Edward W. Ashmore v. Charleston Light, Heat and Power Co.

1. FELLOW-SERVANTS—*Who Are, When a Question of Law.*—Where the undisputed evidence is such that all reasonable minds must agree that the relation of fellow-servants exists, the existence of such relation becomes a question of law.

**Trespass on the Case,** for personal injuries.  Error to the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1901.  Affirmed.  Opinion filed December 10, 1901.

EDWARD CRAIG and F. W. DUNDAS, attorneys for plaintiff in error.

NEAL & WILEY, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error, while engaged as a laborer for the defendant, was badly injured by coming in contact with a live electric light wire.  Upon the trial of a suit brought by him to recover damages for the injury, the court directed a verdict for the defendant, and subsequently rendered judgment against the plaintiff for costs.

The evidence in the record discloses the following facts: On the day the plaintiff was injured, he was sent to assist one Frank Miller, another employe of the defendant, in repairing certain telephone and electric light wire, which had been cut for the purpose of allowing a tree to be felled on one of the streets of Charleston.  There were two incandescent light wires and five telephone wires which had been cut and which hung from their poles, when the plaintiff and Miller arrived upon the ground.  The two incandescent wires were insulated; the telephone wires were not, as the current through them was too light to be dangerous.  When the tree fell, one of its branches caught a wire which ran from one pole to another across the street and carried it nearly to the ground.  The only office of that wire was to support a street arc light.  It was not insulated, as no electric current was intended to pass through it.  Under the direction of Miller, the plaintiff cut it near the middle of the street and left it there.  Miller telephoned the power house to shut off the electric current and set about splicing the wires that had been cut  He added a short splice to each of the two incandescent wires.  In doing so, it was necessary to peel back for a few inches the tape used for

insulation, twist the ends together, solder them, and then re-tape them. After doing that, Miller climbed the pole and spliced the two wires to the other ends at a point four or five inches from the cross-arm. In doing that work the plaintiff assisted by heating the solder and passing tools to Miller by means of a rope. When the job was about completed, Miller called to him from the pole to go to a near by telephone and 'phone the power house to turn on the current, and then to return and help gather up the tools. The plaintiff did as directed, and when he returned a few minutes later, he found Miller on the ground gathering up the tools. He saw the wire which he had cut still dangling from the pole with one end on the ground. For the purpose of getting it out of the way and wrapping it about the pole, he grasped it with his left hand. It had been so heavily charged by coming in contact with the untaped end of one of the incandescent wires at the top of the pole, that he was knocked to the ground and received injuries of a most serious and permanent nature.

The declaration charges that the proximate cause of the injury was the negligence of the defendant, through Miller, in improperly leaving certain wires, which had just been repaired, untaped, while at the same time it caused the electric current to be turned on, whereby the dead wire which the plaintiff endeavored to remove from the street became charged.

It is not contended that any negligence is chargeable to the defendant otherwise than through the conduct of Miller. The important question for our decision, therefore, is whether Miller, in doing the act which caused the plaintiff's injury, sustained the position of vice-principal or the position of fellow-servant toward the plaintiff. Miller had no authority to employ or discharge and was not a foreman within the meaning which usually and generally attaches to that term. He was simply a lineman and worked with the plaintiff as a co-laborer. The two worked together under instructions from the superintendent, Brooks, but because of Miller's superior experience and regular employment he was authorized to direct the manner of prosecuting

each job on the line, and gave directions to the plaintiff as his assistant.

It is clear that the plaintiff did not meet his injury in following any direction given him by Miller. No one told him to take hold of the live wire that caused his unfortunate accident. The direction of Miller went no further than to telephone the power house to turn on the current and to then return and assist in gathering up the tools. There was nothing improper in such direction, and had the plaintiff limited his action to a strict performance of it, he doubtless would have escaped injury. At all events, the negligence causing the injury did not consist in giving an improper direction to the plaintiff. The negligence of Miller which did cause the injury was in leaving the end of the incandescent wire and splice at the top of the pole untaped and exposed, whereby the loose guide wire became charged. But we are unable to look upon him in the performance of that work as a vice-principal. In splicing the different wires and in putting them up, the two men co-operated with each other; the one splicing the wires and covering them with tape, the other heating the solder and passing up tools and material. They were brought into such association as to enable them to observe each other's conduct. We are clearly of the opinion that the men were, while engaged in that work, fellow-servants.

To the contention that the court erred in taking the case from the jury because the question of fellow-servants is one of fact resting within the province of the jury to determine, we desire to say that where the undisputed evidence is such that all reasonable minds must agree that such relation existed, the question of the existence of the relation of fellow-servants becomes one of law for the court. C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330; Meyer v. I. C. R. R. Co., 177 Ill. 591.

Taking the testimony for the plaintiff alone, we are clearly of the opinion that the negligence which caused the plaintiff's injury was that of a fellow-servant, and the court properly directed a verdict for the defendant. Judgment affirmed.