THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

STATIA B. EATON, Admx.

*Opinion filed February 21, 1902.*

1. RAILROADS—*effect of adoption of rule by railroad company.* The adoption by a railroad company of a rule requiring flagmen and torpedoes to be placed a certain distance away from the point where a rail has been taken from the track is an admission by the company that ordinary care required such course of conduct.

2. SAME—*engineer has a right to rely upon obedience by others of company's rules.* An engineer has a right to rely upon the observance by a track gang of the company's rule relative to the placing of flagmen and torpedoes where a rail has been removed from the track, whether he had received a bulletin to look out for the track gang at a certain place or not.

3. SAME—*company liable for track gang's failure to notify an engineer that a rail is out.* It is the duty of a railroad company to furnish an engineer a reasonably safe track upon which to run his engine, and neither that duty nor the duty of notifying the engineer that a rail had been removed can be delegated to other servants of the company, so as to absolve the company from liability for a failure to give such notification in time.

*Chicago and Alton Railroad Co.* v. *Eaton,* 96 Ill. App. 570, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

A. E. DEMANGE, (WILLIAM BROWN, of counsel,) for appellant:

Where the master delegates authority to a servant, the master is liable only for an improper exercise by the servant of the discretion or authority delegated to him. *Railroad Co.* v. *May,* 108 Ill. 288.

A flagman performs no duties which properly devolve upon the company, and there can be no recovery for his negligence in the discharge of his duties, resulting in the death of a trainman. 12 Am. & Eng. Ency. of Law, (2d ed.)

1010; *Cooper* v. *Railroad Co.* 23 Wis. 668; 3 Elliott on Railroads, sec. 1276, p. 2010; *Sofield* v. *Smelting Co.* 50 L. R. A. 417; *Sammon* v. *Railroad Co.* 62 N. Y. 251.

There can be no recovery on the ground of the incompetency of the flagman, because the declaration does not charge such incompetency and there is no proof he was incompetent. *Smith* v. *Railroad Co.* 48 L. R. A. 371, and authorities in note; *Railroad Co.* v. *Willie*, 53 Tex. 318.

Every person who enters the service of another must be presumed to have taken upon himself all the ordinary risks of the employment, including the negligence of co-servants. 12 Am. & Eng. Ency. of Law, (2d ed.) 902, and cases in note 1, p. 926; *Gall* v. *Beckstein*, 173 Ill. 187; *Railway Co.* v. *Hall*, 36 Ill. App. 627.

Louis FitzHenry, and Barry, Morrissey & Fifer, for appellee:

Appellant's rule No. 74, set out *in hæc verba* in one of the counts of the declaration, is the best evidence as to what would constitute ordinary care. It is an admission by appellant that ordinary care required the course of conduct prescribed by the rule. *Railroad Co.* v. *Ward*, 135 Ill. 511.

In an action against a railroad company on account of negligence of its servants the defendant has the burden of proving such servants to be fellow-servants with the deceased, although the declaration contains a negative allegation. *Railroad Co.* v. *House*, 172 Ill. 601.

A master cannot delegate to a servant—even a fellow-servant—the duty of notifying his servants of increased danger, so as to absolve himself from liability for failure to communicate it. *Pullman Car Co.* v. *Laack*, 143 Ill. 242.

Personal duties of a master cannot be delegated so as to escape responsibility under fellow-servant doctrine. Shearman & Redfield on Negligence, (5th ed.) sec. 204.

The fact that a flagman is required to flag the train, and that it is the duty of the engineer to obey the signal,

in no way tends to establish the relation of fellow-servants between them.  *Railway Co.* v. *Rice*, 144 Ill. 227.

The duty to warn servants of special dangers is one of such duties.  Shearman & Redfield on Negligence, (5th ed.) sec. 204; *Pullman Car Co.* v. *Laack*, 143 Ill. 242.

Where a section foreman had taken up a rail in repairing the track and failed to put out a signal to warn approaching trains, whereby a train was thrown off and a brakeman injured, the company was held liable, and the fellow-servant doctrine did not apply.  *Drymala* v. *Thompson*, 26 Minn. 40; Shearman & Redfield on Negligence, (5th ed.) sec. 205.

Mr. Justice Hand delivered the opinion of the court:

This is an action on the case, brought by the appellee, as administratrix, to recover damages by reason of the death of her intestate, Charles Eaton, alleged to have been caused by appellant in having a rail removed from its main track, between Atlanta and Lawndale, without giving him notice thereof as he approached it as engineer of a locomotive pulling a freight train composed of about sixty cars, some of which were loaded, whereby said engine was derailed.  The jury returned a verdict in favor of the appellee for $5000, upon which the court rendered judgment, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

At the time of the injury the appellant had in force a rule requiring that when a rail is taken out a flagman or red flag must be stationed in each direction two thousand yards from that point and two torpedoes placed on the rail on the engineer's side.  If in the vicinity of a descending grade the distance must be doubled.  The train upon which Eaton was engineer left Bloomington on the morning of October 16, 1900, going south.  At that time the trackmen of appellant, consisting of two gangs, were working about a mile and one-half north of Lawndale,

taking up and re-laying track, the section men being a short distance north of the steel gang. The steel gang had removed a rail. It is not claimed any torpedoes were laid, and there is a conflict in the evidence as to whether a flagman or red flag was stationed as required by the rule. The section men and steel gang, as the train approached around a curve coming down grade, gave signals to stop, but although the deceased made every effort to stop the train after receiving such signals he was unable to do so, and the engine ran into the gap where the rail had been taken out, and turned over, and Eaton was caught beneath the same and killed.

It is first assigned as error that the court declined to instruct the jury to find for the defendant. If there is evidence tending to establish a cause of action a peremptory instruction should be refused. (*Chicago Edison Co. v. Moren*, 185 Ill. 571.) A plaintiff is entitled to have his case considered by the jury if the evidence tends to prove ordinary care on his part and negligence on the part of the defendant. (*Illinois Central Railroad Co. v. Sanders*, 166 Ill. 270.) Whether appellant was guilty of negligence or the deceased of contributory negligence are questions of fact for the jury, and the adoption of the rule above referred to is an admission by appellant that ordinary care required the course of conduct prescribed therein, (*Lake Shore and Michigan Southern Railway Co. v. Ward*, 135 Ill. 511,) and the jury would have been justified in finding that if said rule had been obeyed the accident would not have happened. (*Chicago, St. Paul and Kansas City Railway Co. v. Ryan*, 165 Ill. 88.) The train dispatcher at Bloomington testified that just before the train left, on the morning of the accident, he gave to Eaton a bulletin which read, "Look out for steel gang between Lincoln and Atlanta." No such bulletin was delivered to the conductor and none was found upon the body of Eaton, although his clothing was examined immediately after his death. But if it be conceded that he did receive the

bulletin he had the right to rely upon appellant complying with its rule, and relying upon it he had the right to assume that a flagman or red flag would be stationed and torpedoes placed upon the rail at the place and in the manner therein provided, and that in the absence thereof he could safely proceed in the manner in which he did. (*Chicago and Alton Railroad Co.* v. *Kelly*, 182 Ill. 267.) The court did not err in declining to take the case from the jury.

The giving of appellee's first instruction and the refusal of appellant's third and seventh instructions are assigned as error, on the ground that the court thereby eliminated from the case the fellow-servant question. We do not think the court erred in eliminating that question, as the question of fellow-servant is not in the case. It was the duty of appellant to furnish the deceased a reasonably safe track upon which to operate his engine, and it could not delegate that duty. Neither could it delegate the duty of notifying the deceased that the rail had been removed, so as to absolve itself from liability for a failure to communicate such information to the deceased. (*Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242; *Peoria, Decatur and Evansville Railway Co.* v. *Rice*, 144 id. 227.) In *Drymala* v. *Thompson*, 26 Minn. 40, a section foreman had taken up a rail in repairing a track and failed to put out a signal to warn approaching trains, whereby a train was thrown off and a brakeman injured. The court say (p. 42): "In the instance of a railroad, the track is one of the instrumentalities for the working of the road, and therefore something which it is the absolute and personal duty of the master to employ due care in maintaining and keeping in a condition suitable to the purposes for which it is to be used,—that is to say, in such condition that it can be safely used for such purposes.   *   *   * When such master entrusts the performance of this duty to a servant or agent, such servant or agent occupies the place of the master as respects such performance, and

the negligence of such servant or agent in performing the duty is the negligence of the master himself."

The modification of appellant's first, second and third instructions, by striking out the word "conduct" and inserting the word "negligence," was proper, and the refusal of the court to allow the appellant to re-call the witness Wilson for further cross-examination was a matter resting in the sound discretion of the court, and was not, in our judgment, abused. He had already been fully cross-examined upon the same subject matter when upon the stand before.

We find no reversible error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*