### Alexander Tubelowish v. Bryan Lathrop et al.

1. NEGLIGENCE—*Burden upon Plaintiff.*—In actions for negligence the burden is upon the plaintiff to allege and to prove such negligent acts of the defendant as will entitle him to recover.

2. FELLOW-SERVANTS—*Question of Fact and of Law.*—The general rule is that the question as to whether the relation of fellow-servants exists, is one of fact; yet, where the facts are conceded, and where there is no dispute whatever as to the facts, and they show beyond question that the relation of fellow-servants exists, then the question becomes one of law, and it is the duty of the trial judge to instruct the jury to find for the defendant.

3. SAME—*Elevator-man and Janitor.*—An elevator-man, running an elevator up and down the shaft to enable a janitor to clean the shaft from the top of the cage, is a fellow-servant of the janitor, who has undertaken the performance of this labor without objection, and has so brought it within the scope of his employment.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 13, 1902.

B. M. SHAFFNER, attorney for plaintiff in error.

F. J. CANTY and J. A. BLOOMINGSTON, attorneys for defendants in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In actions for negligence the burden is upon the plaintiff to allege and to prove such negligent acts of the defendant as will entitle the plaintiff to recover.

In conformity with this rule appellant, the plaintiff below, alleged that he was injured by another servant of the defendants, and that such other servant "was not a fellow-servant with plaintiff."

The undisputed evidence is, that appellant was the janitor of a large office building in which there were three passenger elevators. One Saturday evening appellant was ordered to assist in cleaning these elevators. The next morning one of the elevator-men ran his elevator, without passengers, to the fifth floor, where appellant and another workman stepped on the top of the cage. The elevator was run to the fifteenth floor, where the two men on the cage opened some windows. It was then run down to the bottom, and from there the two men began to dust the shaft. From time to time, after they had cleaned the shaft as high as they could reach, appellant told the elevator-man to run the cage up to that point and then stop. When he had done so, they would again proceed in their work. Appellant had told the elevator-man not to move the elevator until he, appellant, directed him to do so. The work went on in this manner until the elevator was between the sixth and seventh floors. From there, while appellant and his companion were at work, and without request from them, or warning to them, the elevator man started the elevator up, and before it was stopped the left foot of appellant was caught between the cage and gate. The injury complained of was thus inflicted. Under these circumstances the learned trial judge directed the jury to find a verdict for the defendants. This appeal is prosecuted from the judgment entered upon that verdict.

The single question presented by this record is, whether or not the trial judge was right when he directed the jury to find a verdict for the defendants.

The general rule is that the question as to whether the relation of fellow-servants exists, is one of fact; yet where the facts are conceded, or where there is no dispute whatever as to the facts, and they show, beyond question, that the relation of fellow-servants exists, then the question

becomes one of law; and it is the duty of the trial judge to instruct the jury to find for the defendant. C. & E. I. Ry. Co. v. Driscoll, 176 Ill. 330; Meyer v. I. C. Ry. Co., 177 Ill. 591; Wabash Ry. Co. v. Brown, 152 Ill. 484.

Whether or not the cleaning of the elevators was within the ordinary duties of a janitor, the fact is that appellant undertook the performance of this labor without objection, and it may therefore be regarded as within the scope of his employment. In the doing of this work the three servants of the common master were working together in the same line of employment. The negligence complained of was occasioned by an act of the man who ran the elevator while he was working as a co-laborer with appellant. These two being fellow-servants at the time the appellant was injured, the defendants are not liable in this action. Gall v. Beckstein, 173 Ill. 187.

The judgment of the Superior Court is affirmed.