### The Wabash Railroad Co. v. John Burress, Admr.

1. INSTRUCTIONS—*must be confined to issues.* An instruction given upon behalf of the plaintiff is erroneous where it charges the jury upon a theory of recovery which is not supported by any allegations of the declaration.

2. MASTER—*duty of, to furnish appliances.* A master is not required

to supply to his servant " the very best appliances and machinery;" he discharges his full duty if he exercises reasonable care in providing appliances and machinery which are reasonably safe.

3. FELLOW-SERVANTS—*when instruction upon the subject of, is properly refused.* An instruction upon the subject of fellow-servants should be refused where that question does not arise in the case.

Action on the case for causing the death of plaintiff's intestate. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

C. N. TRAVOUS, for appellant.

EDEN & MARTIN, A. W. LUX, and SENTEL & WHITFIELD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case for damages occasioned by the death of William W. Bricker, who was killed, while in the employ of appellant as a section hand, by being struck by an iron hook attached to an arm or boom of a derrick on a wrecking train, said arm or boom having become unfastened and swung out beyond the side of the train as it was passing on the track, near which deceased was working. There was a verdict and judgment in the court below for $3,000, from which judgment this appeal is taken.

The controverted questions of fact in the case, were whether appellant was negligent in the management of the wrecking train and in failing to securely fasten the arm and machinery of the derrick. The declaration is inartificially drawn, but is unquestionably sufficient after verdict to support a judgment.

There is no reversible error in the rulings of the court on the admission of evidence. The testimony elicited from certain witnesses on cross-examination by appellee's counsel, was in response to questions, proper as such, and the record shows that appellant's witnesses testified in substance to the matters, with reference to which it claims it was not permitted to interrogate them.

Without reciting the facts in detail, as they appear from

the evidence, it is sufficient to say upon that branch of the case, that there is evidence in the record tending to support the negligence of appellant, averred in the declaration, and we should not disturb the verdict based upon it, if the instructions to the jury as to the law of the case could be approved. Appellee's second instruction told the jury "the railroad company in operating its trains is required to have and use the very best appliances and machinery for the protection of persons and property;" and if they believed that defendant's servants permitted an arm of the crane, or machinery, to be loosened from its fastenings, and deceased in consequence lost his life, their verdict should be for the plaintiff. There is no allegation in the declaration charging appellant with negligence in having or operating defective machinery, but merely that certain machinery was not securely fastened, not by reason of a defect in the machinery, but because of appellant's negligence. But if the declaration had properly charged a defect in the machinery, the instruction would have been erroneous. In such event, the duty of appellant to appellee's intestate would have been discharged if it had exercised reasonable care in providing machinery which was reasonably safe. C. R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41. The instruction was misleading and prejudicial to appellant, because the jury might well have inferred from it, that appellant was required to adopt the very best method to fasten the arm or boom or to prevent its becoming loose. Several other instructions given on behalf of appellee are open to criticism, although not necessarily prejudicial. There was no error in refusing appellant's instructions on the question of fellow-servants, as it is not in the case. C. & A. R. R. Co. v. Eaton, 194 Ill. 441.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*