[Civil No. 2221.   Filed March 4, 1925.]

[233 Pac. 1102.]

## ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellant, v. J. J. COX, Appellee.

1. EVIDENCE—DEFENDANT'S EVIDENCE OF SPEED OF ITS TRAIN RE-QUIRED BY ITS RULES SELF-SERVING.—The usual speed of defendant's train, or that required by its rules, when offered by defendant in action for crossing collision, based on excessive speed, is objectionable as a self-serving act or declaration.

2. RAILROADS — CROSSING SIGNAL REQUIRED. — A twenty-pound bell must be rung on an engine from a point eighty rods from a crossing all the way up to it, that being the only way that Civil Code of 1913, paragraph 2164, and Penal Code of 1913, section 397, placing different duties on it and its employees,. creating an incongruity, can be complied with.

3. APPEAL AND ERROR—TRIAL—INSTRUCTIONS CONSIDERED AS WHOLE —JURY ASSUMED TO DO SO.—Instructions must be considered as a whole, and it is assumed that the jurors will do so.

4. TRIAL—COURT NOT REQUIRED TO CONTINUALLY REPEAT IN ITS INSTRUCTIONS THE SAME LIMITING WORDS AND PHRASES.—The court is not required to repeat over and over in its instructions the same limiting words and phrases relative to claim of assuming facts in an instruction.

See (1) 22 C. J., p. 226; 33 Cyc., p. 1075.  (2) 33 Cyc., p. 960. (3) 4 C. J., p. 772; 38 Cyc., p. 1778.  (4) 38 Cyc., p. 1681.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  F. C. Struckmeyer, Judge.  Affirmed.

Messrs. Baker & Whitney, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith and Mr. A. Y. Moore, for Appellee.

LOCKWOOD, J.—This is an action brought by J. J. Cox, hereinafter called the plaintiff, against Arizona Eastern Railroad Company, hereinafter called the defendant, for damages for certain in-

juries to plaintiff and his automobile, caused, it is alleged, by the negligence of the defendant. Plaintiff was driving an automobile across the track of defendant at a regular road crossing, some six miles east of Phoenix, when a collision occurred between the auto and a train of defendant whereby plaintiff was injured and his automobile demolished.

Plaintiff alleges four general acts of negligence on the part of defendant: (1) Failure to keep the crossing in repair; (2) failure to keep the right of way clear from vegetation, which obstructed the view; (3) excessive speed of the train; and (4) failure to give proper signals of the approach of the train.

Defendant's answer is a general denial and an affirmative allegation (1) that plaintiff drove on the track at a high rate of speed without stopping, looking, or listening to discover if a train was approaching; and (2) that, knowing of the approach of the train, he negligently tried to cross the track in advance thereof, concluding that plaintiff's negligence was ''the cause of, or contributed to, the accident.''

The first alleged act of negligence by the defendant was taken from the jury by the trial court, and the second was so limited that for all practical purposes it was merged in the third. The case went to the jury, therefore, with excessive speed and failure to give proper signals as the only issue of negligence by the defendant for consideration.

A verdict was returned in favor of plaintiff in the sum of $2,000, and, after the usual motion for new trial, which was denied, defendant appealed from the judgment and from the order denying a new trial.

There are 14 assignments of error which we will discuss in such manner as seems advisable. The first 3 refer to the refusal of the trial court to allow defendant to show the usual speed of the train or

that required by defendant's rules; it being a regular freight train. We find no error on this. Such evidence, if admitted at all, is only allowed when offered by plaintiff as an admission against interest by defendant. When offered by the latter it would be only a self-serving act or declaration. *Chicago etc. R. Co.* v. *Eaton,* 194 Ill. 441, 88 Am. St. Rep. 161, 62 N. E. 784.

Assignment No. 4 brings up the question of what special danger signals, if any, are required to be given by a railroad company at a road crossing. Defendant argues that, while the instruction given by the trial court in the case at bar was approved by this court in *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116, yet that case is in conflict with *Morenci Southern R. Co.* v. *Monsour,* 21 Ariz. 148, 185 Pac. 938, and the principle laid down in the latter decision is the correct rule of law. At the time the Monsour case was decided section 397 of the Penal Code was not called to our attention and the instruction complained of therein was held to be bad solely upon a consideration of the provisions of the common law and paragraph 2164 of the Civil Code. If, as held by us later in the Boggs case, section 397 of the Penal Code imposes upon the company a liability for negligence if its employees do not comply therewith, while paragraph 2164 places a different specific duty on it directly, it is true that there is an apparent conflict in the two statutes. We are of the opinion, however, that the so-called conflict is an incongruity rather than a contradiction. Where two separate statutes impose duties on individuals and are incongruous, but nevertheless by a certain course of conduct the individuals can comply fully with both statutes, it is their duty to follow that course. There is one way, and only one, in which the defendant could comply with both paragraph 2164 of the Civil Code and

section 397 of the Penal Code, and that was by ringing a 20-pound bell from a point 80 rods from the crossing all the way up to it. Since the instruction objected to imposed a burden on defendant nowhere greater, and in some respects less, than that required by law, it cannot complain thereof.

Assignments of error Nos. 5 to 13 refer to the giving of, or the failure to give, various instructions. As we have often said before, instructions must be considered as a whole, and it is assumed that the jurors possess at least ordinary intelligence, and that they will so consider them.

So far as assignment No. 5 is concerned, it is impossible that any juror could have been led to think the court was assuming any fact whatever, in view of the very full general instructions given. A court is not required to repeat the same limiting words and phrases over and over again *ad nauseam.*

The instructions referred to in the other assignments fall into two groups; one in which the law was correctly stated but the substance thereof was given by the court elsewhere, and the other which is in part at least incorrect, or else includes matters left to the jury under our Constitution. Plaintiff argues that there was no sufficient plea of contributory negligence in the answer entitling defendant to any instructions on that issue. It is not necessary, however, for us to determine this question, for the instructions as a whole cover the subject of contributory negligence, as well as all other necessary points, with almost meticulous care and fullness.

Assignment 14 is covered by what we have said above.

The record seems to be singularly free from prejudicial error, and the judgment is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.