[Civil No. 2325.   Filed July 23, 1925.]

[238 Pac. 389.]

# SWANSEA LEASE, INC., a Corporation, Appellant, v. J. A. WILLISON, Appellee.

1. PLEADING—ALLEGATIONS OF EMPLOYER'S NEGLIGENCE SUFFICIENTLY SPECIFIC.—Complaint by employee for injuries from employer's negligence, alleging that another employee carelessly and negligently placed pinch-bar under skid, instead of motor, which was being loaded on truck by means of skid, and slid both motor and skid upwards, causing skid to tilt and throw motor off on to the body and foot of employee, *held* sufficiently specific as against motion to make certain.

2. MASTER AND SERVANT—COMPLAINT HELD TO SPECIFICALLY ALLEGE NEGLIGENCE OF EMPLOYER.—Complaint by employee for injuries, alleging that another employee carelessly and negligently placed pinch-bar under skid, instead of motor, which was being loaded on to truck on skid, and thereby caused skid to tilt, throwing motor on to foot of plaintiff, *held* to sufficiently allege negligence on employer's part.

3. APPEAL AND ERROR—FINDING OF JURY ON SUFFICIENT EVIDENCE NOT DISTURBED ON APPEAL.—Finding of jury that specific act set up in complaint occurred as alleged, which was supported by sufficient evidence, will not be disturbed on appeal.

4. TRIAL—REFUSAL OF INSTRUCTIONS GIVEN ELSEWHERE NOT ERROR.—Where substance of requested instructions was given elsewhere by trial court, refusal to repeat *held* not error.

5. MASTER AND SERVANT—INSTRUCTION THAT EMPLOYEE MUST SELECT SAFE RATHER THAN DANGEROUS WAY OF PERFORMING DUTY PROPERLY REFUSED UNDER EVIDENCE.—Although ordinarily employee selecting dangerous way of performing duty, instead of safe one apparent to him, cannot recover for injuries, instruction to that effect *held* properly refused, in absence of showing that safer way was presently available, and not merely theoretically possible.

6. APPEAL AND ERROR—THAT INJURED EMPLOYEE'S WIFE HELD INFANT CHILD WHILE TESTIFYING NOT OPEN TO REVIEW, IN ABSENCE OF OBJECTION.—In action by injured employee, allowance of plaintiff's wife to testify while holding her infant baby on her lap, *held* not subject to review, in absence of objection at trial.

3.   See 2 R. C. L. 193.
4.   See 14 R. C. L. 751.
6.   See 2 R. C. L. 69.

7. APPEAL AND ERROR—THAT EMPLOYEE'S WIFE TESTIFIED WITH BABY
   ON HER LAP NOT PRESUMED PREJUDICIAL.—In action by injured
   employee, where wife was sitting during trial beside plaintiff
   with infant baby on her lap, permitting her to testify with baby
   on her lap would not be presumed to be prejudicial, especially
   where amount of verdict was not such as to indicate passion or
   prejudice of jury.

See (1) 31 Cyc., p. 647.   (2) 26 Cyc., p. 1387.   (3) 4 C. J., p. 852.
(4) 38 Cyc., p. 1711.   (5) 26 Cyc., p. 1494; 38 Cyc., pp. 1618, 1619.
(6) 3 C. J., pp. 805, 830.   (7) 4 C. J., p. 912.

APPEAL from a judgment of the Superior Court
of the County of Yuma.  F. L. Ingraham, Judge.
Affirmed.

Messrs. Anderson, Gale & Nilsson and Messrs. An-
derson, Gale & Miller, for Appellant.

Mr. Jesse C. Wanslee, for Appellee.

LOCKWOOD, J.—J. A. Willison, hereinafter called
plaintiff, brought suit against Swansea Lease, Inc., a
corporation, hereinafter called defendant, for damages
on account of personal injuries alleged to have been
sustained by him while working for defendant.  The
suit was a common-law action of negligence, and the
particular act of negligence complained of was set
up as follows, to wit: That while plaintiff and three
other employees of defendant were engaged in load-
ing an electric motor from a platform on to a truck,
by means of sliding it up a plank or skid, one end of
which rested on the platform and the other on the
truck, "one of the . . . employees used in his hands,
for the purpose of pinching up the said motor, a piece
of iron, and by the use of the said piece of iron began
to slide or pinch the said motor up the said skid, . . .
and while so using the said piece of iron said em-
ployee . . . carelessly and negligently placed the said
piece of iron under the skid, instead of the motor,

and slid both the motor and skid upwards, . . . caus-
ing the skid to tilt to one side, throwing the motor
off of the said skid on to the body and foot of plain-
tiff . . . ''

The case was tried to a jury, which returned a
verdict in favor of plaintiff for Two Thousand Dol-
lars ($2,000), on which verdict judgment was ren-
dered, and after a motion for new trial had been
made and overruled, defendant appealed. There are
some nine (9) assignments of error, which we will
discuss as seems advisable.

The first is that the court should have granted de-
fendant's motion to make the complaint more definite
and certain, in pointing out the particular acts of neg-
ligence complained of. The quotation from the com-
plaint above given shows clearly that it was the plac-
ing of the pinch bar under the skid, instead of the
motor, and sliding both forward, thereby tilting the
skid, so that the motor fell off, on which plaintiff
bases his claim of recovery.

The second point is that the demurrers to the com-
plaint should have been sustained, on the ground that
no negligent act on the part of defendant was set
up therein. This is also answered by the above quota-
tion.

The third and fourth assignments are that the
court should have directed a verdict in favor of de-
fendant for several reasons, to wit: Failure to prove
the negligence alleged; failure to show defendant's re-
sponsibility therefor, if there was any negligence;
sole negligence of the plaintiff; and assumption of
risk by him. There was sufficient evidence in the rec-
ord from which the jury could have found, as they
evidently did, that the specific act set up in the com-
plaint occurred as alleged, and that plaintiff was in
no way negligent, and under our familiar rule we will
not disturb this finding. This being true, from the
argument in defendant's brief on the other points it

would almost seem 'that counsel had failed to read sections 4 and 5 of article 18 of our Constitution, so we will merely suggest that the ''fellow servant'' doctrine has been abolished in Arizona since 1912, and assumption of risk is a question of fact for the jury. The court, therefore, properly refused to instruct the jury to find for defendant.

Defendant's requested instruction No. 2 was given elsewhere in substance by the court and it was not error to refuse to repeat it. *Arizona Eastern R. Co. v. Cox,* 27 Ariz. 469, 233 Pac. 1102.

The requested instruction, to the effect that if an employee selects a dangerous way of performing his duty· when there is a safe one apparent to him, and is injured in consequence thereof, he cannot recover, stated as an abstract proposition, and in the absence of qualifying circumstances, is correct. But to justify such an instruction in a particular case it must fairly appear from the evidence: First, that the way used is unreasonably dangerous for a prudent man under all the circumstances; and, second, that a safer way is presently available and not merely theoretically possible. Defendant has failed in his abstract or brief to point out where the second condition was fulfilled, and therefore it was not error to refuse the instruction.

The next error complained of is that plaintiff's wife was called as a witness, and permitted to testify to immaterial matters while holding her baby on her lap, which, according to defendant's theory, prejudiced the jury. No objection whatever was made by defendant at the trial, either to the testimony or the presence of the child, and we do not think counsel may· sit by and allow error to be committed without objecting thereto, and take advantage thereof in the appellate court. The amount of the verdict is not such as would indicate passion or prejudice influenced

the jury, nor can we assume such passion or prejudice from the mere fact that, without objection, a young mother who had, according to defendant's brief, been sitting by her husband and eighteen months old baby all through the trial, still held that baby on her lap while testifying.

We have considered all the points raised by defendant, and discussed such as in our opinion merited it, and, there being no reversible error, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.